Anthony McNamara *et al.*

*v.*

Thomas Garrity.

*Filed at Springfield March 29, 1883.*

1. Statute of Frauds—*sale of land by parol—part performance.* The payment of the purchase money for land, taking possession under the contract to convey, and the making of lasting and valuable improvements upon the land, in equity, will take a parol sale out of the Statute of Frauds.

2. Resulting trust—*whether it arises.* Where two persons purchased forty acres of land, under a verbal agreement between themselves that one was to pay one-fourth of the price for ten acres off a certain side of the tract, and he paid his fourth of the purchase money, which in effect was used directly in the purchase of the entire tract, and the other took a deed to himself for the whole, it was *held*, that a trust resulted by operation of law in favor of the party so bargaining for the one-fourth as to his part of the tract, and that the Statute of Frauds had no application to the case.

3. If one person purchases land with the money of another, and takes a deed in his own name, though done under a verbal agreement between them, a resulting trust is created by operation of law in favor of the one furnishing the money, which a court of equity will enforce.

4. Limitation—*as against one in possession.* Two persons purchased a tract of land, each to have a certain portion thereof, and one of them took a deed for all, giving back a mortgage to the vendor to secure the price, which mortgage was afterward discharged by the money of both the purchasers, so that a resulting trust was created against the one taking the deed. The other took possession of his part, and made lasting and valuable improvements on the same, and continued in the undisputed possession for more than twenty years, during which time he paid his share of the taxes, and for some years leased his part to his co-purchaser, in whose name the title rested, who paid rent. It was *held*, on bill filed by the one so occupying his land to compel the other to convey to him, that the Statute of Limitations was no bar to the equitable relief sought.

Appeal from the Circuit Court of Greene county; the Hon. Cyrus Epler, Judge, presiding.

Mr. James R. Ward, for the appellants:

The Statute of Frauds was set up and relied upon by appellants in their answer. Its effect can not be avoided. The

decree, therefore, can not be sustained by mere parol proof of a contract or express trust. *Carpenter* v. *Davis,* 72 Ill. 17; *Hovey* v. *Holcomb,* 11 id. 665; Hurd's Stat. 1881, secs. 2, 9, chap. 59.

A resulting trust can not be created by contract or agreement. If a trust of any kind is created by contract, it will be an express and not a resulting trust. *Loomis* v. *Loomis,* 28 Ill. 457; *Holmes* v. *Holmes,* 44 id. 169; *Sheldon* v. *Harding,* id. 69; *Remington* v. *Campbell,* 50 id. 516.

After the lapse of twenty years the law will require the clearest and most satisfactory proof of the trust before relief will be granted. *Enos* v. *Hunter,* 4 Gilm. 218; *Kane County* v. *Herrington,* 50 Ill. 232; *Lantry* v. *Lantry,* 51 id. 466; 1 Perry on Trusts, 151, sec. 137.

Payment at the time of the purchase is indispensable to the creation of the trust. *Loomis* v. *Loomis,* 28 Ill. 456; 1 Perry on Trusts, sec. 133.

After the legal title has vested, and there is no fraud, payment of the unpaid purchase money by a third person will not raise the trust. *Walter* v. *Klock,* 55 Ill. 362; *Beach* v. *Dyer,* 93 id. 301; *Lear* v. *Choteau,* 23 id. 39.

As to what is essential to the existence of a resulting trust, see *Alexander* v. *Tams,* 13 Ill. 225; *Perry* v. *McHenry,* id. 233; *Bruce* v. *Roney,* 18 id. 73; *Lantry* v. *Lantry,* 51 id. 458.

If this is a resulting trust, we insist that the Statute of Limitations, set up and relied on in our answer, bars the suit. *Quayle* v. *Guild,* 91 Ill. 384; *Albrecht* v. *Wolf,* 58 id. 190; *Kane County* v. *Herrington,* 50 id. 237.

Mr. Henry C. Withers, for the appellee:

Possession of land by a person having an interest therein is sufficient to charge all persons with notice of his rights, legal or equitable. *Reeves* v. *Ayers,* 38 Ill. 418; *McMannis* v. *Keith,* 49 id. 388.

Where one person purchases real estate with the money of another, a resulting trust arises in favor of the person furnishing the money. *Franklin et al.* v. *McIntyre et al.* 23 Ill. 91.

Where two parties agree that one shall purchase land, which is done, each paying one-half the price, and the deed is made to the one making the purchase, a resulting trust will arise in favor of the other as to an undivided half of the land, notwithstanding he paid his part of the money under an express agreement that the party taking the deed should convey him one-half interest. *Smith* v. *Smith*, 85 Ill. 189.

Mr. Justice Scholfield delivered the opinion of the Court:

Thomas Garrity exhibited his bill in chancery in the Greene circuit court, against Anthony McNamara and others, praying for the conveyance to him of a certain ten-acre tract of land therein specifically described. The substance, in brief, of the allegations of the bill is this: On the 23d of April, 1859, Garrity and McNamara agreed, between themselves, to buy a designated forty-acre tract of land of one Davidson. Garrity was to pay one-fourth of the purchase money, and McNamara was to pay the other three-fourths thereof, and one-fourth of the land, in a ten-acre strip off the west side thereof, was to belong to Garrity, and the balance was to belong to McNamara. Davidson was to deed the land to McNamara, and McNamara was to secure the payment of the purchase money by a mortgage back to him on the land; and when the purchase money should all be paid, McNamara was to convey to Garrity his ten acres of the tract. The deed and mortgage were executed, at that date, in conformity with this agreement. Garrity promptly paid one-fourth of the purchase money, and with the consent of McNamara took possession of his ten acres, fenced and cleared the same, and thenceforth has had the actual and

exclusive possession thereof, and used and cultivated it, until the filing of the bill,—a period of more than twenty years. The mortgage has been fully paid and satisfied, and McNamara has recently denied Garrity's right in the ten acres, and now refuses to execute a deed therefor. These allegations were put in issue by the answer. The circuit court, after hearing the evidence, decreed in conformity with the prayer of the bill. Several objections are urged against this decree.

*First*—It is contended the bill was not framed with the view of having declared and enforced a trust which results or is created by construction, implication, or operation of law; but its real claim was to compel the performance of an alleged parol agreement to convey the land in controversy, and to this the Statute of Frauds, which is pleaded, is a defence. Assuming the frame of the bill to be as thus claimed, we can not yield our assent to the conclusion. The payment of the purchase money, taking possession under the contract, and the making of lasting and valuable improvements,—all of which distinctly appear here from the allegations,—take the case out of the operation of the Statute of Frauds. *Blunt* v. *Tomlin,* 27 Ill. 93; *Mason* v. *Bair,* 33 id. 194; *Keys* v. *Test,* id. 316; *Fleming* v. *Carter,* 70 id. 286; *Ramsey* v. *Liston,* 25 id. 114. But we are of opinion that the averment that Garrity promptly paid one-fourth of the purchase money may be regarded as equivalent to an allegation that that proportion of the purchase money was paid by him, and used directly in the purchase of the land; and such being its effect, that fact, although it was paid pursuant to a parol agreement, establishes a resulting trust, and brings the case within the rule in *Smith* v. *Smith,* 83 Ill. 189. The rule is familiar, and needs no elaboration, if one person purchases land with the money of another, but takes the deed in his own name, a trust results, by operation of law, in favor of the person whose money is used. (*Coates* v. *Woodworth,* 13

Ill. 654; *Williams* v. *Brown et al.* 14 id. 200.) And such, in effect, is the allegation here. Being a resulting trust, the Statute of Frauds can have no application. Rev. Stat. 1874, chap. 59, sec. 9.

*Second*—Counsel insist the evidence does not sustain the decree. There is some conflict in the evidence, it is true; but there is evidence sustaining the decree, and it is impossible for us to say the court below erred in giving credence to that evidence. By it it is shown one-fourth of the purchase money for the forty-acre tract was $75. Of that amount McNamara had $72, belonging to Garrity, in his hands when the purchase was made, and used it in making the purchase, and the other $3 Garrity subsequently paid to Davidson in corn. It shows Garrity at once took possession of his ten acres, fenced it, and cleared all of it that was susceptible of cultivation, erected a cabin upon it, in which he resided for many years, cultivated the land, and in several instances rented it to McNamara, who paid him rent therefor, paid McNamara his proportion of the taxes, and for a period of more than twenty years, and until shortly before the filing of the bill, exercised absolute and exclusive dominion over it. This possession was sufficient against all the world. *Brooks* v. *Bruyn*, 18 Ill. 539; *Turney* v. *Chamberlain*, 15 id. 271; *Fairman* v. *Beal*, 14 id. 244; *McLean* v. *Farden*, 61 id. 106.

*Third*—The final objection urged by counsel is, that Garrity's claim is barred by limitation. If Garrity had not been in the actual possession of the property, this defence might be well founded; but the evidence on behalf of Garrity, and to which the court below was authorized to, and must, have given credence, shows that he has been, as we have just seen, in the actual and exclusive possession of the property for more than twenty years. Consequently, at most, McNamara has had, during that time, but the naked legal title. Garrity's possession has been notice of his rights, and lapse of

time, therefore, instead of impairing has confirmed and strengthened them.

Perceiving no cause to disturb the decree below, it is affirmed.

*Decree affirmed.*