## Edward W. Morrison et al.
### v.
## Harry Herrick et al.

*Landlord and Tenant—Oral Agreement for Extension of Term—Part Performance—Statute of Frauds—Specific Performance—Cross-Bill—Possession as Notice.*

1. Where a lessee in possession makes valuable improvements with the knowledge of the lessor, and on the faith of an oral promise by the latter to execute a lease extending the term, the making of such improvements constitutes such part performance as will take the case out of the statute of frauds.

2. In such a case a bill lies for a specific performance of the oral agreement for a lease.

3. In the case presented, a demurrer to the cross-bill filed by subsequent lessees was properly sustained.

4. The possession of a tenant is constructive notice of his rights to a subsequent lessee.

[Opinion filed September 19, 1888.]

Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

Bill in equity, filed by appellees, praying specific performance of an oral agreement made by Edward W. Morrison with appellees for a lease of the store and basement of premises known as number 115 Madison street, and basement of number 113, Chicago, for a term of five years. Morrison's answer denies making the agreement, and sets up the statute of frauds. The appellants, Miner, Beal & Company, filed a cross-bill against Morrison and appellees, praying for possession of the premises, appointment of receiver to collect the rents of appellees, etc. To the cross-bill a demurrer was filed and sustained. Hearing, and decree of specific performance on amended bill, from which Morrison and Miner, Beal & Company appeal.

Mr. S. K. Dow, for Edward W. Morrison, appellant.

Messrs. L. H. BOUTELLE, and M. W. FULLER, for Miner, Beal & Co., appellants.

In order to take an oral agreement in respect to an interest in land, not to be performed within one year, out of the operation of the statute of frauds, (if it is sought to do this by proving that valuable improvements have been made upon the premises by the lessee or grantor, as the case may be,) upon the good faith of the oral agreement, it must be clearly shown that such improvements were made by the party while in possession of the premises, acquired under and by virtue of the oral agreement sought to be enforced, and not otherwise. This is the settled law of Illinois. Wood v. Thornly, 58 Ill. 464; Padfield v. Padfield, 92 Ill. 198; Bohanan et al. v. Bohanan, 96 Ill. 691; Warren v. Warren, 105 Ill. 568; Kaufman v. Cook, 114 Ill. 638; Long et al. v. Long, 118 Ill. 638.

The proof must clearly establish the oral agreement. The improvements must be valuable. The improvements must be made under a possession acquired by virtue of the oral agreement.

Messrs. SMITH & FORCH, for appellees.

The general principle so often declared, that part performance will, in equity, take a parol agreement out of the statute of frauds, has, since a very early period, been applied by the courts of England to agreements for leases. If the tenant has been put to expense on the faith of a promise of a lease, equity will decree its execution. Earl of Aylesford's Cases, 2 Strange, 783, and note.

Where possession alone is relied upon as part performance, of course, such possession must be taken after the parol agreement, and in pursuance of, or rather as a consequence of, such agreement. And if, at the time of the agreement, the complainant be in possession under a lease, whether expired or not, his possession will be referred to this lease, and of itself will be no evidence of a new agreement for a further lease. Pomeroy on Contracts, Sec. 123–125.

But where the part performance consists of valuable improvements and large outlays (always considered the strongest and most unequivocal acts of part performance), then the fact of possession cuts no figure, provided these improvements and outlays are of such an extent and kind that they are reasonably referable to an agreement for a new lease, and not reasonably or rationally referable to the prior tenure of holding.    Pomeroy on Contracts, Secs. 124 and 125; Fry on Specific Performance, Secs. 401 and 402; Browne on Statute of Frauds, Sec. 487.

The ground of equitable relief in this class of cases is of a much broader character, more especially as it is applied in later years.    It proceeds upon the broad ground of equitable estoppel, or estoppel by conduct, as it is sometimes termed—a principle of comparatively modern growth, and which is being extended and enlarged from year to year in its application by the courts.    City of Chicago v. Gage, 95 Ill. 615.

This principle of estoppel by conduct is applicable to every conceivable case where a party by his acts or declarations, or even by his silence (where honestly he should speak), deliberately induces another to act, either by changing his situation or pursuits, or in the expenditure of money in improvements or otherwise, or in binding himself by contract, etc., so that he can not gainsay what he has said or done without being guilty of bad faith toward the party whom he has thus induced to act.    In such case he will be estopped in equity.    And this principle is applied to the regulation and control of titles to, and interest in, real estate, as well as to other property rights.    Broom's Legal Maxims, 173, 174; Russell v. Hubbard, 59 Ill. 335; Favill v. Roberts, 50 N. Y. 222; Truesdail v. Ward, 24 Mich. 118.

Says Roberts, in his admirable work on Frauds:    "There does not seem, indeed, to be any satisfactory foundation for this doctrine of part performance without the intermixture of fraud, and upon this ground, where an owner has encouraged another to go on with his improvements on the estate under a false expectation of a conveyance or lease raised in him by the assurance of the party entitled, it is agreeable to the general

course of equitable relief to disappoint the contrivance by compelling the deceiver to realize the expectation he has created. This protecting jurisdiction has, indeed, stretched itself to those cases where the illusory hope has been raised, not by words and assurances, but simply by looking on in silence, while false impressions, which we are able either to correct or verify, are inducing a fruitless expenditure on improvements. This equity is strong and salutary, and the jealousy of jurisdiction has shut out the statute of frauds where this principle of relief applies." Roberts on Frauds, p. 132; Parkhurst v. Van Cortland, 14 Johns. 15; Harris v. Knickerbocker, 5 Wend. 642; Ryan v. Dox, 34 N. Y. 307–313; Peiffer v. Stillwater & St. Paul R. R. Co., 23 Minn. 342; Fery v. Pfieffer, 18 Wis. 510 ; Seaman v. Aschermann, 51 Wis. 678; Pomeroy on Contracts, Sec. 106 *et seq.*, and cases there cited in notes; Story's Eq. Juris., Secs. 761–763.

The English cases upon this subject, and especially cases of agreements for leases, or for renewals or extensions of leases, are numerous. And these cases, especially recent ones, assert and apply this principle of estoppel by conduct to the fullest extent. Parker v. Smith, 1 Collyer's Ch. Reps. 608; Cole v. Pilkington, 19 Rep. Eq. Cas. 174; Williams v. Evans, L. R. 19 Eq. 547.

Our Supreme Court has applied the same broad principle of equitable estoppel to this class of cases. Warren v. Warren, 105 Ill. 568; Irwin v. Dyke, 114 Ill. 302. See, also, Mundy v. Jolliffe, 5 Milne & Craig, 167; Wright v. Pucket, 22 Gratt. 374; Haigh v. Kay, Law Reps., 7 Ch. 469; Caton v. Caton, L. R. 1 Ch. 137. See, also, Neale v. Neale, 9 Wall. (U. S.) 1–12; Swain v. Seamans, 9 Wall. (U. S.) 254.

GARNETT, J. The appellee, Harry Herrick, commenced to occupy number 115 Madison street, Chicago, in 1876, as a hat store. His brother, Charles K. Herrick, engaged in business with him in 1880 at the same place. The landlord, Edward W. Morrison, executed a lease for the premises annually, the last executed being dated April 8, 1884, and the term ending April 30, 1885, at a rental of $3,000 per year. We think the

evidence fairly proves that in the summer of 1884 a parol agreement was made between Morrison and appellees, by the terms of which Morrison undertook, on the faith of appellee's promise to make permanent and valuable improvements on said store, to give them a lease of said store and basements for a term of five years, beginning May 1, 1885. At the time the oral agreement was entered into, appellees were in the actual possession of the premises, engaged in the business of hatters, and have been in such possession and occupation ever since. Soon after the agreement was made appellees proceeded, in pursuance thereof, with the knowledge and consent of Morrison, to make valuable and permanent improvements on said store, at a cost of several thousand dollars. No written lease was delivered by Morrison for the year beginning May 1, 1885, nor for the five year term. On the 8th day of July, 1885, he executed to Miner and others, appellants herein, a lease of said store, with other stores adjoining, for a term of five years beginning May 1, 1886, under which the last named lessees now claim the superior right to possession of the store number 115.

What amounts to part performance of an oral contract for the sale of real estate (or such an interest therein as is specified in the various statutes) so as to shut out the statute of frauds, has been the occasion of no little contention in the courts of this country and England. The doctrines announced at times, have been so extreme as to give rise to the apprehension that nothing would be left of the statute. We may safely say, however, that the ruling idea with the courts has been to prevent the use of the statute in that class of cases, as a means for the perpetration of fraud. What is often designated as part performance which takes a contract out of the statute, may be as appropriately classified with those cases in which the doctrine of equitable estoppel operates to prevent fraud. That doctrine, certainly, the statute of frauds was not intended to repeal.

In Roberts on Frauds, 132, it is said: "There does not seem, indeed, to be any satisfactory foundation for this doctrine of part performance without the intermixture of fraud, and upon

this ground, where an owner has encouraged another to go on with his improvements on the estate under a false expectation of a conveyance, or lease, raised in him by the assurance of the party entitled, it is agreeable to the general course of equitable relief to disappoint the contrivance, by compelling the deceiver to realize the expectation he has created."

Again, at page 134, he says: "But these instances of encouragement, either tacit or express, to make improvements, incur expense or exercise acts of dominion, which must turn to the prejudice of the mistaken party if his expectation is disappointed, are not proper cases of part performance, but of actual fraud, which courts of equity have always been forward to relieve against." This point is illustrated in Howe v. Hutchinson, 105 Ill. 576; McClure v. Otrich et al., 118 Ill. 320.

As a head of relief, separate from that of taking possession in pursuance of the contract, Pomeroy, in his work on Contracts, Sec. 126, considers the subject of making valuable and permanent improvements in pursuance of the oral contract, with the knowledge and consent of the vendor, saying, "it is always considered to be the strongest and most unequivocal act of part performance, by which a verbal contract to sell and convey, or to lease, is taken out of the statute. It is very plain that such proceedings satisfy the equitable principle upon which the doctrine of part performance rests much more completely than a mere possession does. If the purchaser has simply taken possession, it might seem possible for him to be restored to his former situation, and to be compensated in damages; but when he has made outlays for valuable and permanent improvements and thus changed the character of the property, it would be in the highest degree unjust for the owner, who has permitted these expenditures and alterations to be made in reliance upon the agreement, to interpose the statute and prevent the completion of his contract, and at the same time retain and enjoy all the benefit of the additional value imparted to the land." And in the same work, Sec. 124, the author says: "It is also well settled that a tenant's continued possession and the making by him, in pursuance of stipu-

lations contained in the agreement, of substantial improvements on the land, constitute a part performance of a verbal agreement to grant a renewal of the lease, or, it would seem, of a contract to convey the fee." See also Fry on Specific Perf., Sec. 585.

A case in point decided by Lord Cottenham, is Mundy v. Joliffe, 5 Myl. & C. 167, where the tenant from year to year, during such tenancy entered into a parol agreement with his landlord for a lease for fourteen years, and in pursuance thereof repaired the building, drained the lands, etc. It was held that there was no doubt these acts constituted a part performance which prevented the application of the statute of frauds.

In Williams v. Evans, L. R. 19 Eq. 547, a tenant in possession made a parol agreement for a new lease for thirty years, and on the faith of such parol agreement sub-let at an increased rent. The sub-tenant made permanent and valuable improvements with the knowledge of the landlord, and with the understanding that he was to have a lease from the original tenant. The court held that when the tenant is in possession and does anything which alters his position for the purpose of carrying out the new verbal contract, the statute of frauds can not be interposed as a bar; that it was of no consequence whether the improvements were made by the tenant or sub-tenant, and there was a decree for specific performance.

The question we now decide was not presented in Wood v. Thornly, 58 Ill. 464, Padfield v. Padfield, 92 Ill. 198, or Pickerell v. Morse et al., 97 Ill. 220.

The appellees being continuously in possession of the premises, are not guilty of *laches*. Whitsitt v. Trustee, etc., 110 Ill. 126 ; McNamara v. Garrity, 106 Ill. 384.

The appellants, Miner, Beal & Co., are not *bona fide* purchasers, having paid no purchase money, (Brown v. Welch, 18 Ill. 343,) and the possession of appellees being notice to them. (C., B. & Q. R. R. Co. v. Boyd et al., 118 Ill. 73.)

We are satisfied the decree on the amended bill is right and works out full justice to all parties.

The demurrer to the cross-bill of Miner, Beal & Co., was

properly sustained. Their remedy against Morrison is complete and adequate at law. The appellees have no interest whatever in the controversy between the appellants, and may justly object to being entangled in a litigation not germane to the original bill.

Finding no error in the record, the decree of the Circuit Court is affirmed.

*Decree affirmed.*