Beard v. Boylan.

———————

## OLIVER G. BEARD *vs.* HENRY BOYLAN.

New Haven and Fairfield Cos., April T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

The plaintiff, a creditor of the defendant, had signed the following composition agreement:—" Whereas H. B. is unable to pay his debts in full, and desires to effect a compromise with his creditors, and proposes to pay twenty per cent on all unsecured claims, on or before December 1st, 1888; and whereas we, creditors of said B., are willing to accept said twenty per cent in full of our respective claims:—Now therefore we, the undersigned, being creditors of said B. to the amounts set opposite our names respectively, hereby, each in consideration of the like agreements of the others, signers of this contract, agree with each other and with said B., that we will accept twenty per cent of our respective unsecured claims against said B., if paid on or before December 1st, 1888, in full settlement of said claims." The plaintiff received the twenty per cent on his claim. In a suit afterwards brought by him to recover the balance, it was held that parol evidence was not admissible to show that it was agreed at the time he signed the composition agreement, that it should be void unless signed by all the unsecured creditors.

And held that this condition was not implied by the language of the composition agreement.

[Argued April 15th—decided June 12th, 1890.]

WRIT OF ERROR from the judgment of a justice of the

peace in an action brought by the plaintiff in error against the defendant in error to recover a debt for goods sold; brought to the Court of Common Pleas of Fairfield County. The judgment of the justice was in favor of the defendant. The Court of Common Pleas (*Curtis, J.,*) reversed the judgment, and the defendant in error appealed the case to this court. The case is fully stated in the opinion.

*W. H. Williams* and *E. B. Gager*, for the appellant.

The validity of this contract does not in any sense depend upon or become affected by the failure to get all of the unsecured creditors to sign it. *Pierpont* v. *Longden*, 46 Conn., 499; *Osborne* v. *Taylor*, 58 id., 439 ; *Chittenden* v. *Woodbury*, 52 Verm., 562. " That one creditor refused to execute the letter of attorney makes no difference, as there was no provision that it should be void if it was not executed by all." *Eaton* v. *Lincoln*, 13 Mass., 424. " An agreement entered into by a debtor and any number of his creditors less than the whole number to take a composition for their debts, is binding upon those who enter into the agreement." *Norman* v. *Thompson*, 4 Exch., 755. See also *Good* v. *Cheesman*, 2 Barn. & Adol., 328 ; *Strickland* v. *Harger*, 16 Hun, 465. " Such a condition should be expressly declared or clearly deducible from unambiguous language. Compositions could rarely be carried into effect if such stipulation is, in every case, or in every doubtful case, to be implied, when the contrary is not declared." Per HOFFMAN, J., in *Renard* v. *Fuller*, 4 Bosw., 117.

*V. Munger* and *E. L. Staples*, for the appellee.

Composition agreements are only binding when the parties thereto faithfully observe all the conditions named in them. *Turner* v. *Comer*, 6 Gray, 530 ; *Walker* v. *Mayo*, 143 Mass., 432 ; *Cobleigh* v. *Pierce*, 32 Verm., 788 ; *Greer* v. *Shriver*, 53 Penn. St., 259 ; *Doughty* v. *Savage*, 28 Conn., 146. It is not necessary that a condition should appear in express terms. If it can be seen that the parties intended to contract under certain conditions the law will hold them

to those conditions. " Whatever may be fairly implied from the terms or language of an instrument is in judgment of law contained in it." *Hutchinson* v. *Lord*, 1 Wis., 286. See also *Horstman* v. *Miller*, 3 Jones & Sp., 29. Boylan distinctly proposed to pay all his unsecured and unpreferred creditors twenty per cent, and when that proposition was accepted by those creditors the contract was complete. It was then too late for him to change it or abandon its conditions. While he does not in terms expressly promise to pay all unsecured creditors twenty per cent, yet the law will imply that such was the understanding of the parties and will infer an agreement to do so. " In cases where words of recital or reference manifest a clear intention that the parties should do certain acts, the court will from these infer an agreement by them to do such acts. 1 Chitty on Contracts, 11th ed., 88. See also 2 Wharton on Contracts, § 663 ; *Knight* v. *Gravesend & Milton Water Works Co.*, 2 Hurls. & Nor., 6. The case of *Lay* v. *Motram*, 19 Com. Bench, N. S., 479, is directly in point. The defendant pleaded a composition deed in bar, to which the plaintiff demurred. The sixth cause of demurrer stated " that there was no covenant or agreement at all binding the debtor in the deed." The court held that the recital that the debtor had agreed to pay the composition amounted in law to a covenant to pay it. To the same effect is *Brooks* v. *Jennings*, L. R., 1 Com. Pleas, 476. In *Laird* v. *Campbell*, 100 Penn. St., 159, the question arose under a composition agreement, and it was held that parol evidence was admissible to show that the plaintiff signed with the understanding that all the other creditors should sign. See also 2 Wait's Actions & Defences, 367 ; *Farrall* v. *Hilditch*, 5 Com. B., N. S., 840. In Anderson's Law Dictionary, a " recital " is defined as " the statement in a deed or other instrument, of the reasons for executing it, or of its relations to other instruments. It constitutes part of the premises of a deed, usually begins with ' whereas,' and sets forth such other deeds, agreements or matters of fact as are necessary to explain the reasons upon which the present transaction is founded." It also defines the word " pream-

ble " as " a recital in a contract declaring the intention of the parties." As the preamble of a statute has been defined to be "the key to the intent of the makers of the act," (Tomlin's Law Dic.,) so the recital in this agreement is a key to the intent of the parties who entered into it. When, therefore, Boylan presented his contract to the plaintiff in which he stated that he proposed to pay all his unsecured creditors twenty per cent, he intended to and did promise and agree that he would pay all such creditors said sum, and that agreement was an inducement to every creditor to sign the agreement. That agreement became and was a condition upon which depended the validity of the entire contract. He had no right to make that statement if he did not intend to carry it out. Having made it, and secured a number of his creditors to sign the composition agreement upon the strength of it, he must abide by it.

ANDREWS, C. J. The plaintiff, being a creditor of the defendant, signed a composition agreement with sundry other creditors, as follows :—

" Whereas, Henry Boylan of Derby is in embarrassed financial circumstances, and is unable to pay his debts in full, and desires to effect a compromise with his creditors without the expense and delay of settling in the probate court as an insolvent estate, and proposes to pay twenty per cent. on all unsecured and unpreferred claims, on or before December 1st, 1888 ; and whereas we, the undersigned, creditors of said Boylan, are willing to accept said twenty per cent. in full of our respective claims :—Now therefore, we, the undersigned, being creditors of said Boylan to the amounts set opposite our names respectively, hereby, each in consideration of the like agreements of the others, signers of this contract, agree with each other, and with said Boylan, that we will accept twenty per cent. of our respective unsecured claims against said Boylan, if paid on or before December 1st, 1888, in full settlement and discharge of said claims. Derby, Sept. 22d, 1888."

After signing this agreement the plaintiff received and

accepted the twenty per cent therein stipulated.  Subsequently he brought the present suit, in which he claims to recover the whole amount of his original debt, less the twenty per cent, for which he gives credit.  The defendant's answer sets up the composition agreement, the payment of the twenty per cent, and the receiving thereof by the plaintiff, in bar of the action.  The plaintiff's reply admits the execution and delivery of the agreement and the receipt of the per cent therein named.  The remaining part of the reply, so far as it is necessary to be noticed, is as follows :—

" Paragraph 6.  The plaintiff signed said composition agreement in consideration that it should be signed and agreed to by all the creditors who held unsecured claims against the defendant at the time the plaintiff signed said agreement, and that it should be void unless so signed by said creditors."

" Paragraph 9.  Long after the 7th day of December, 1888, and before the bringing of this suit, the plaintiff learned for the first time that said composition agreement was not signed by all the creditors of the defendant who held unsecured claims against the defendant when the plaintiff signed said agreement."

The defendant demurred to paragraph six, " because the same and the matters therein contained are inconsistent with and contradictory of the said composition agreement ; " and to paragraph nine, " because the same and the matters therein contained are immaterial, and irrelevant to the issues in this case."

The justice court, before which the action was first brought, sustained the demurrer, found these paragraphs of the plaintiff's reply to be insufficient, and rendered judgment for the defendant.  From that judgment a writ of error was brought by the plaintiff to the Court of Common Pleas for Fairfield County.  The latter court found error in the judgment of the justice court, and " that said paragraphs six and nine of the plaintiff's reply are sufficient, and that the said justice of the peace in sustaining said demurrer to said para-

graphs six and nine manifestly erred and mistook the law;" and thereupon reversed the judgment of the justice court and rendered judgment for the plaintiff. From the latter judgment the defendant appeals to this court.

The question presented by the demurrer is, whether or not it would be competent to prove the facts alleged in these paragraphs of the reply for the purpose of varying the effect of the composition agreement. If so, then the demurrer was properly overruled ; otherwise there was error in so doing.

While the law undoubtedly requires the utmost good faith in the making and in the performance of a composition agreement between a debtor and his creditors, and any advantage by one creditor over any other, any concealment by the debtor, or any preference, will vitiate the entire agreement, yet the agreement itself, if in writing, must be construed by the same rules as any other written contract. "Where a written document is resorted to by the parties for the expression of their conclusions after a series of conferences, such document will be regarded as expressing their final views, and as absorbing all other parol understandings, prior or contemporaneous. To permit evidence of prior or even of contemporaneous parol conditions to qualify the written document, would be to not only substitute media peculiarly fallible— recollections of witnesses as to words—for a medium whose accuracy the parties affirm, but often to substitute an abandoned for an adopted contract. Hence all prior conferences are regarded, unless there be fraud, as merged in such case in the final document." Wharton on Evidence, § 1014; Greenleaf on Evidence, § 275; *Dean* v. *Mason*, 4 Conn., 428; *Glendale Mfg. Co.* v. *Protection Ins. Co.*, 21 Conn., 37; *Fitch* v. *Woodruff & Beach Iron Works*, 29 Conn., 82; *Galpin* v. *Atwater*, id., 97.

The argument of the plaintiff is that proof of the allegations in the sixth paragraph of his reply would not contradict the composition agreement, because, he says, the matters by him there alleged are already in that agreement by fair implication. He says, and says truly, that " contracts are to be taken and construed according to the intent of the par-

Beard *v.* Boylan.

ties and this intent should be ascertained from the whole instrument; and that it is a general principle applicable to all instruments and agreements that whatever may be fairly implied from the terms and language of the instrument is in judgment of law contained in it." These are well recognized principles. But does this case fall within them? The admissions of the reply,—namely, the execution of the composition agreement and the receipt by him of the agreed per cent,—show that the agreement was at one time a valid and binding one. The sixth paragraph alleges a condition upon which it was to be void—that is, a condition subsequent; and the plaintiff asks the court to supply this condition by implication. It seems to us that it cannot be done. Implication supplies words in a written contract for the purpose of making complete something which the words used leave incomplete. It extends only so far as may be necessary to ascertain what the parties intended by the language they have used. It can never put an additional term or condition into the contract. The question is never what the parties may have secretly and in fact intended, but what meaning did they intend to convey by the language they have used in the written instrument. When a contract is reduced to writing and is complete in itself, the law presumes the writing to contain the whole agreement. There is nothing left for implication. This rule is very compactly stated by the court in *Stone* v. *Rockefeller*, 29 Ohio St., 625, a case upon the guaranty of a note, as follows :—" The law will not supply any condition which is not incorporated into the agreement or fairly implied from the language used ; and in the absence of fraud, accident or mistake, it is presumed conclusively that the terms of the contract, as agreed between the parties at the time, are fully expressed in the written guaranty."

Now it seems to us that this is a case for the application of the presumption that the whole of the agreement was committed to writing. No fraud, accident or mistake is suggested. The writing is apparently complete. If a condition upon which the instrument was to be void was in fact agreed

on, it is incredible that the parties should not have inserted it in the writing.

There is error in the judgment of the Court of Common Pleas, and it is reversed.

In this opinion LOOMIS, SEYMOUR and TORRANCE, Js., concurred; CARPENTER, J., dissented.