B. DEXTER ALDRICH *vs.* HENRY C. CARPENTER.

Bristol.    October 24, 1893. — November 28, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Statute of Frauds — Law of another State — Consideration — Discharge of Mortgage and Attachment — Exception to Ruling asked for — Motion for New Trial.*

A. held six notes against B., two of which, amounting to $1,200, were secured by mortgages on B.'s farm, and the rest, amounting to $1,400, were unsecured. B. mortgaged the farm to C. for the nominal consideration of $3,000, and also the personal property thereon, for which C. paid no consideration except a promise that he would pay B.'s debts, including A.'s notes and several small claims besides. A. brought suit against B. and attached the farm. C. paid five of the notes and promised B. to pay the other of $815. This promise was repeated by C. to A., who, relying thereon and on the payments, discharged the prior mortgages and abandoned the suit against B. Thereupon B. conveyed the farm and personal property to C. free from encumbrances. A. brought suit against C., and testified that C.'s agent told him that C. would take care of the last note when due. C. testified that he promised to pay A. only the amount of the two notes secured by mortgage, that the property conveyed was worth no more than he had paid, and that his promise was void under the statute of frauds, and offered the statutes of Rhode Island on that subject. A. offered two decisions of that State to the effect that the bringing of the action against C. upon his promise implied a release of the original debtor, and that the consideration thus arose when the action was brought, and that the statute of frauds was not applicable. Both A. and C. lived in Rhode Island, all the transactions were in that State, and both agreed that the law of Rhode Island should govern the case. *Held,* that, on the decisions and the testimony, the jury were warranted in finding a verdict for A., and that there was no legal error in overruling C.'s motion for a new trial.

No exception lies to a ruling which is assented to or asked for.

CONTRACT, with a count for money had and received. The answer was a general denial, and the statutes of frauds in both Rhode Island and Massachusetts.

At the trial in the Superior Court, before *Fessenden,* J., the plaintiff introduced evidence tending to show that in May, 1892, he held six promissory notes against the defendant's sister, Mrs. Walker, two of which notes, amounting to about $1,200, were secured by mortgages on her farm; that the remaining notes, amounting to about $1,400, were unsecured; that on the 28th day of said May Mrs. Walker made a mortgage of the farm to the defendant for the nominal consideration of $3,000, and also, on the same day, a mortgage of all her stock, agricultural tools, etc. on said farm, for which the defendant paid her no consideration except a promise that he would pay all her debts, including all the plaintiff's notes, and several small claims amounting to about $250; that the plaintiff, learning of the mortgages, commenced a suit against Mrs. Walker on the notes, and attached the farm on June 1, 1892, returnable in Bristol County; that within a day or two thereafter the defendant paid five of the notes, and promised Mrs. Walker to pay the other note, amounting to about $815; that this promise was repeated by the defendant to the plaintiff himself; and that, relying upon said payments and said promise, the plaintiff executed two discharges to the defendant of the prior mortgages on the farm, and also abandoned his suit and attachment against Mrs. Walker, and caused the same to be discharged on the record, and the farm and personal property were conveyed by absolute deeds to the defendant by Mrs. Walker about June 9, 1892, all of which the defendant then held free from all encumbrances, and no consideration was paid therefor except as aforesaid.

The plaintiff testified, on cross-examination, " Mr. Wilson [who was the defendant's agent] told me that Mr. and Mrs. Carpenter both sent word that they would take care of the last note when it became due"; and when asked, " You had no conversation with Mr. Carpenter, or anybody representing him, in relation to the attachment, — you simply ordered the attachment discharged because you supposed that Mr. Carpenter was going to pay it?" answered, " Yes."

The plaintiff also testified that he had ever since relied upon

the defendant to pay the note of $815, and since this action was brought had discharged Mrs. Walker therefrom in writing, and had received from her a power of attorney to bring an action against the defendant in her name; and that payment of this note was demanded of the defendant before this suit was brought, and he refused to pay the same, and sent the plaintiff to Mrs. Walker.

The defendant introduced evidence tending to show that he promised to pay the plaintiff only the amount of the two notes secured by mortgage on the farm, that the property conveyed was worth no more than he had already paid, and that his promise, whatever it was, was void under the statute of frauds; and he read and offered in evidence the Rhode Island statute on that subject. The plaintiff then put in evidence, and offered to read, the decisions in *Urquhart* v. *Brayton*, 12 R. I. 169, and *Wood* v. *Moriarty*, 15 R. I. 518.

Both parties to the action lived in Rhode Island, and all the aforesaid negotiations and conveyances were made and executed in Rhode Island, and both parties agreed that the law of Rhode Island should govern the case, and that the judge might instruct the jury as to such law, instead of reading the statute and the decisions to the jury.

At the close of the evidence, the defendant asked the judge to rule that the plaintiff could not maintain the action. The judge declined so to rule; and the defendant excepted.

The judge instructed the jury that, upon this evidence, accordingly as they found the facts to be, they might find for the defendant, or that they might, notwithstanding the promise was only oral, find for the plaintiff, not exactly upon the $815 note as such, but to an amount equal to the sum due on that note. The jury so found; and the defendant alleged exceptions.

After the verdict, the defendant filed a motion to set it aside, as against the evidence and the law, and because there had been a mistrial of the case by reason of a mistake, misapprehension, and misapplication of the legal principles applicable thereto. The judge overruled the motion; and the defendant appealed, and excepted.

*F. V. Fuller*, for the defendant.

*E. H. Bennett & F. S. Hall*, for the plaintiff.

ALLEN, J.   At the trial in the Superior Court, both parties agreed that the law of Rhode Island should govern the case, and the trial proceeded on that assumption.   The evidence produced to show the law of Rhode Island consisted of the statute of frauds of that State, and of two decisions by the Supreme Court, viz. *Urquhart* v. *Brayton,* 12 R. I. 169, and *Wood* v. *Moriarty,.* 15 R. I. 518.   From these decisions it seems that, upon the testimony, the jury would have been warranted in finding a verdict for the plaintiff.   The plaintiff introduced evidence tending to show that the defendant promised Mrs. Walker to pay the note the amount of which is now sued for, and that this promise was repeated by the defendant to the plaintiff himself.   On his cross-examination he testified, " Mr. Wilson [who was the defendant's agent] told me that Mr. and Mrs. Carpenter both sent word that they would take care of the last note when it became due."

There was no evidence that at the time this alleged promise by the defendant was made any consideration therefor proceeded directly from the plaintiff to the defendant.   All that the plaintiff did was done afterwards, and he made no promise to discharge the mortgages which he held, or to discharge his attachment. It seems to be implied, though it is not stated as a fact, that the defendant paid the notes which were secured by mortgages, and if so he would be entitled to have the mortgages discharged.   As to the note the amount of which is now sued for, the defendant denied that he ever promised to pay it, and upon this question the evidence was conflicting; but the plaintiff expressly testified that he had no conversation with the defendant, or anybody representing him, in relation to the attachment, and that he simply ordered it discharged because he supposed that the defendant was going to pay the last note. This negatives any consideration proceeding at that time from the plaintiff for the defendant's promise.   But according to the law of Rhode Island, no such contemporaneous consideration was necessary.   The effect of bringing the action against the defendant upon his promise, according to the decisions referred to, if we understand them correctly, implied a release of the original debtor, and the consideration thus arose when the action was brought, and in such a case the statute of frauds is not applicable.   Indeed, the decisions referred to go so far as to

show that the plaintiff might recover by virtue of the defendant's oral promise to Mrs. Walker, even though the defendant had made no promise directly to the plaintiff.

In Massachusetts the law is otherwise. *Borden* v. *Boardman*, 157 Mass. 410. *Saunders* v. *Saunders*, 154 Mass. 337. *Marston* v. *Bigelow*, 150 Mass. 45. *Furbish* v. *Goodnow*, 98 Mass. 296, 298. *Nelson* v. *Boynton*, 3 Met. 396, 399. But under the law of Rhode Island it seems to us that there was a case for the jury; and the defendant virtually concedes this in his brief.

The defendant, however, contends that it was a mistake to try the case according to the law of Rhode Island, and that the defence of the statute of frauds relates to the remedy, that the case should have been tried and submitted to the jury according to the rules of law which are established in Massachusetts, and that the agreement that the law of Rhode Island should govern the case was inadvertent. We are unable to take this view of the case. A defendant may waive the defence arising under the statute of frauds, and is held to have done so unless he sets it up in his answer. *Middlesex Co.* v. *Osgood*, 4 Gray, 447. *Townsend* v. *Hargraves*, 118 Mass. 325. *Ames* v. *Jackson*, 115 Mass. 508. *Cahill* v. *Bigelow*, 18 Pick. 369. In this case, the defendant in his answer relied on the statutes of frauds of both States, and at the trial he put in evidence the Rhode Island statute, and by the agreement in effect waived the Massachusetts statute. The plaintiff and the defendant both lived in Rhode Island, and all the negotiations between them were had in that State. But for their agreement, a question might have arisen whether the case should be tried according to the law of Massachusetts or of Rhode Island; a question which perhaps cannot be considered as free from doubt. We do not enter upon that question at this time. The course pursued by the presiding justice was in conformity to the agreement of the parties. No exception lies to a ruling which is. assented to or asked for. Nor can we say that any substantial injustice was done by the result. Upon the main fact in controversy, the jury's verdict establishes that the defendant made a promise either to the plaintiff or to Mrs. Walker to pay to the plaintiff the amount in suit. There was no legal error in overruling the defendant's motion for a new trial, and the exceptions must be                           *Overruled.*