FRANCIS W. MARSH ET AL. *vs.* THE CITY OF BRIDGEPORT.

Third Judicial District, New Haven, January Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A lease executed by the parties contained a clause to the effect that the defendant was not to be deemed liable for any part of the prescribed rent, unless and until it should have made a specific appropriation or other provision for its payment. In an action upon the lease to recover the rent, it was *held:* —

1. That an actual appropriation by the city was a condition precedent to its liability.
2. That in the absence of such an appropriation it was immaterial that the city might, and perhaps ought, morally, to have made one.
3. That representations made by the city's agent just before the lease was signed, to the effect that the clause in question was merely formal and of no binding force, that the appropriation would certainly be made and the rent paid in any event, and that the city would not take advantage of such condition, were mere expressions

of opinion or belief upon matters of law, or promissory statements as to the future action of the city, upon which the plaintiffs had no legal right to rely, and which could not, therefore, constitute the basis for an estoppel.

4. That if such statements were to be regarded as an attempt to establish an oral contract in direct conflict with the terms of the lease, the plaintiffs' reply, in which they were set up as a ground of recovery, was properly adjudged insufficient on demurrer.

Argued January 20th—decided March 4th, 1903.

ACTION to recover rent reserved under a written lease, brought to the Superior Court in Fairfield County where a demurrer to the answer was overruled, *Robinson, J.*, and one to the reply was sustained, *Elmer, J.*, and judgment was rendered (*Gager, J.*) for the defendant, from which the plaintiffs appealed. *No error.*

The case is sufficiently stated in the opinion.

*John C. Chamberlain*, for the appellants (plaintiffs).

*Thomas M. Cullinan*, for the appellee (defendant).

TORRANCE, C. J. The complaint in this case alleges, in substance, that the city of Bridgeport, on the 28th day of September, 1899, leased of the plaintiffs, for the term of three years thereafter, certain premises at an agreed rent payable "on the first days of May in each of the years of 1900, 1901 and 1902;" that the city at once took possession of said premises and has retained such possession ever since; that by the terms of said lease, on the first day of May, 1900, the sum of $2,580 became due and payable to the plaintiffs as rent, and that the same has not been paid.

The answer consists of three defenses, but may conveniently be considered as setting up only one. Considered in this way the answer admits the making of the lease as alleged, but denies the allegations as to possession and as to liability for rent due, and then sets out the lease in full. The lease purports to be made in behalf of the city, " by the committee on city hall of the common council of said city of Bridgeport, duly authorized at a meeting of said common council held on

September 18th, 1899." The lease contained the following provisions, among others : " It is known and understood by the party of the first part, that no money has been appropriated by the board of apportionment and taxation, or by the common council of the city of Bridgeport, for the payment of the rent hereinbefore stipulated, and said party of the second part agrees that if said board of apportionment and taxation, or said common council, shall hereafter make a specific appropriation to pay the rent herein provided for, said party of the second part will then pay the rent hereinbefore stipulated ; otherwise, the said party of the first part hereby agrees that neither the said city of Bridgeport, said common council, said committee on city hall, jointly, or any member thereof personally, nor their successors, heirs, executors, administrators or assigns, shall be held or deemed liable by the parties of the first part for said rent or any part thereof. And the said lessee hereby agrees to hire said premises for said term, and to pay the sum therefor as aforesaid, if appropriated as aforesaid. . . . It is further stipulated by and between the parties hereto, that if no appropriation is made by the board of apportionment and taxation of said city of Bridgeport, or by the common council of said city, before May 1st, 1900, for the payment of the rent provided herein to be paid, this lease shall on the first day of May, A. D. 1900, at the option of said lessor, become void."

The answer also counts upon certain provisions of the charter of the city, which it is alleged, in effect, prohibited the city from paying out money or contracting an indebtedness for any purpose, unless an appropriation or other provision under the charter had been made therefor, and then alleged that no such appropriation or provision for the payment of said rent, as was provided for in such lease, had been made. To this answer the plaintiffs demurred, mainly, in substance, on the ground that it appeared therefrom that the lease was a valid lease, and that it was within the power of the city under the charter to provide for the payment of the rent, and that its failure to do so was no defense to this action.

The court overruled this demurrer, and the plaintiffs filed a reply. The reply admitted the truth of the matters contained in the answer, and then alleged in substance (1) that the lease was a valid one, and that provision for the payment of the rent claimed under it might and should have been made by the city; (2) that the stipulation that rent should not be paid unless an appropriation therefor should be made, could not avail the city, as the performance of that condition was defeated solely by its own default and fraud; (3) that said lease was entered into by a committee having full power to bind the city by its acts and representations, " and before the signing of said lease said committee represented to the plaintiffs that said clause, containing the stipulation that no rent should be paid unless the appropriation was made, was a formal one only, and inserted in all contracts of the city, and that it was of no binding force and effect, and that said appropriation would certainly be made, and if not so made that said committee had full authority to hire said premises, and said rent would in any event be paid by said city, and that said city would not rely upon an attempt to enforce said clause in said contract. Induced solely by said representations of said city, through its said agents, said plaintiffs signed said lease containing said clause. Said defendant is estopped by said representations from pleading said condition as a defense to said action."

The city demurred to this reply, and the court sustained the demurrer.

The errors assigned relate mainly to the action of the court in overruling the demurrer to the answer and in sustaining the demurrer to the reply.

This action is not one to recover for the use and occupation of the leased premises by the city. The right of the plaintiffs to recover is based solely upon the covenant to pay rent contained in the lease. Upon the pleadings it is clear that the covenant on the part of the city to pay rent was not an absolute but a conditional one. The city agrees to pay the rent, provided a specific appropriation therefor shall be made by a designated board, but otherwise not. Both parties to

the lease, in effect, expressly agree, in writing in the lease, that unless a certain described appropriation shall be made thereafter, no rent shall be due under the lease. The making of an actual appropriation of the kind described is thus shown by the pleadings to be a condition precedent to the liability of the city for rent under the lease, and the pleadings admit that such an appropriation has never yet been made. Upon these admitted facts it is clear that the city is not liable for the rent here sought to be recovered, if it can avail itself of the written condition precedent.

The plaintiffs, however, by reason of the matters set up in the reply, and admitted by the demurrer thereto, claim that the city cannot avail itself of such condition. We think this is not so. That the city had the power to make, or cause to be made, an appropriation or other suitable provision for the payment of rent, and that morally it ought to have done so, is in substance one of the matters set up in the reply. Assuming, for argument's sake merely, that the city was in default for not making an appropriation, still it may, under this lease, avail itself of that default, because the plaintiffs have in effect agreed in the lease that it may do so. The condition is, not that the city shall be liable for failing to make an appropriation, but for failing to pay rent after an appropriation has been made; it is, not that the city shall be liable when an appropriation ought to have been made, but only when it has in fact been made. Both parties apparently believed that the city had no power to bind itself to pay rent unless and until an appropriation therefor was actually made by the board of apportionment, and they made their contract accordingly, and by that they are bound. Whether their belief was well or ill founded is of little consequence now.

The only other matter set up in the reply is, that just before the lease was signed the agents of the city made the following representations to the plaintiffs, respecting the stipulation that no rent should be paid unless the appropriation was made, to wit: (1) that the stipulation was merely a formal one and of no binding force ; (2) that the appropriation

would certainly be made; (3) that the city would pay the rent in any event; and (4) that the city would not rely upon said stipulation.

If these statements are to be regarded as an attempt to establish, at the very inception of the lease, an oral contract in direct conflict with the terms of the writing, the demurrer to them was properly sustained. *Beard* v. *Boylan*, 59 Conn. 181; *Gulliver* v. *Fowler*, 64 id. 556, 567. On the other hand, we do not think these representations can be regarded as the basis of an estoppel. The first is clearly the expression of a mere opinion or belief, concerning a matter of law about which the plaintiffs had as much knowledge as the agents of the city, and on which the plaintiffs had no right to rely. Under such circumstances there can be no estoppel. *Danforth* v. *Adams*, 29 Conn. 107; *Canfield* v. *Gregory*, 66 id. 9, 17. The other three representations are also largely the expression of matters of opinion and belief. They are not representations as to some existing state of facts, but promissory representations as to what the future action of the city would be. Even if we assume that the agents of the city had power to make them, we do not think these representations ought to be held to constitute the basis of an estoppel. *Insurance Co.* v. *Mowry*, 96 U. S. 544; *Allen* v. *Rundle*, 50 Conn. 9, 29.

The demurrer to the answer was properly overruled, that to the reply was properly sustained, and upon the pleadings judgment was properly rendered for the city.

There is no error.

In this opinion the other judges concurred.