JAMES F. HALLIGAN, Appellee, v. CHARLES A. FREY,
                        Appellant.

**Landlord and Tenant:** CHARACTER OF TENANCY: EVIDENCE: STATUTE
1  OF FRAUDS. While one in possession of real property is presumed
   to be a tenant at will, still he may show by competent evidence that
   he is a tenant for years. As a rule, however, evidence of an oral
   lease for more than a year is within the statute of frauds; and
   neither taking possession under an oral lease, nor payment of rent
   will take the contract out of the statute.

**Same:** STATUTE OF FRAUDS. A written lease must be signed by the
2  parties to be charged; it is not enough that it is signed by a
   tenant alone to take it out of the statute of frauds. But the rule
   that the statute was designed to prevent perjury and fraud cannot
   be used as an instrument to perpetuate fraud; especially where a
   party was induced to rely upon an oral contract as being valid.

**Same:** PAROL LEASE: STATUTE OF FRAUDS: EQUITABLE RELIEF. The
3  mere denial of an oral agreement or refusal to perform the same
   is not sufficient to show fraud; but where a landlord promised to
   lease his premises to a tenant who was occupying other premises,
   and the tenant surrendered his old lease and moved onto the new
   premises, making valuable improvements thereon designed for that
   property alone, and the landlord drew a lease which the tenant
   signed and under which he paid rent for some time, equity will
   not permit the owner, who had not signed the lease, to take advantage
   of the statute of frauds and thereby perpetrate a fraud on the
   tenant.

*Appeal from Scott District Court.*—HON. A. J. HOUSE, Judge.

                    FRIDAY, JUNE 6, 1913.

ACTION to enjoin defendant from commencing an action
or in any way interfering with plaintiff in the possession of
certain premises in the city of Davenport, which, it is claimed,
plaintiff leased of defendant in the year 1908 for the term
of ten years, from and after the 1st day of July in said year.

Defendant denied the execution of the lease; pleaded the statute of frauds, and also a breach of the conditions of the oral lease, under which plaintiff went into the possession of the property. He also pleaded a forfeiture of the lease, the service of written notice to quit, and averred that he was entitled to the possession of the property. Upon these issues the case was tried to the court, resulting in a decree for plaintiff, and defendant appeals.—*Affirmed.*

*Ruyman & Ruyman* and *Cook & Balluff*, for appellant.

*Sharon & Higgons*, for appellee.

DEEMER, J.—Some time prior to July 1, 1908, defendant expended a considerable sum of money in remodeling a building owned by him, in the city of Davenport, and divided the first floor thereof into three rooms, the middle one of which was known as 212 West Fourth street. Plaintiff was, at that time, engaged in the undertaking business, occupying a building on Harrison street, in said city, belonging to one Ficke. For this latter building he held a lease which expired on July 1, 1908. Some time before the expiration of this lease, defendant proposed to plaintiff that if he (plaintiff) would give up his lease on the Harrison street property and lease 212 West Fourth street, with the basement, he (defendant) would let the same to him for the term of ten years and would make such changes in the premises as would especially fit it for plaintiff's use and would also put in the necessary furniture and fixtures and charge him for the use of the entire property the sum of $43 per month, payable in advance from the first to the tenth day of every month. Plaintiff accepted the proposition, and defendant made the proposed improvements, costing something like $1,400. Plaintiff moved into the premises on the strength of the agreement and expended something more than $700 in buying additional furniture and fixtures to better adapt it to his use. About the time

that plaintiff moved into the property, defendant had prepared, or drew up, a form of written lease, which he submitted to the plaintiff for approval. To this plaintiff objected because of the provisions relating to the place for the payment of the rent, and of a condition against subletting, claiming that these were not in accord with the original agreement. Defendant admitted the objections were good and had the lease rewritten so as to eliminate these provisions and, as rewritten, submitted the same to plaintiff, saying that he would sign the same at any time. Plaintiff signed the lease and, as we have said, moved into the property and paid the agreed rental down to and including May, 1910. Defendant refused to accept the rental for any further time and immediately served notice upon plaintiff to quit. One of these notices was as follows: "To James F. Halligan: You are hereby notified that the undersigned Charles A. Frey, asks and demands that you vacate and quit the premises known and numbered as 212 West 4th street, city of Davenport, Iowa, being the premises that you now occupy. You are further notified that the tenancy at will now existing between you and the undersigned is terminated and you are required to vacate said premises within thirty days from date unless you are willing to pay the monthly rental of $60.00 per month and enter into a satisfactory lease for said premises. Please vacate said premises or pay rent for the same at the rate of $60.00 per month and enter into a satisfactory lease. Davenport, Iowa, May 2, 1910. [Signed] Charles A. Frey." Another is a conventional notice of termination of a tenancy and to quit within thirty days from June 8, 1910. And another was a three-day notice to quit, dated the same day, based upon the nonpayment of rent. This action to enjoin defendant from interfering with plaintiff's possession and from canceling the lease was commenced on June 10, 1910.

Defendant demurred to the petition because the contract was within the statute of frauds, but his demurrer was overruled, and, on issues already stated, the case was tried to the

court, resulting in the decree hitherto indicated. It should also be stated that defendant, in justification, pleaded that plaintiff had agreed, as part of the terms of his lease, to hire his carriages and teams of the defendant; that he failed to do so, and for that reason forfeited his rights, if he had any, in and to the premises. Defendant relied almost wholly on the statute of frauds and did not offer any testimony in support of his claim that plaintiff had failed to comply with the terms of the lease. To all the oral testimony offered by plaintiff, in support of his agreement of lease, defendant objected, and he now contends that such testimony was clearly inadmissible and that nothing transpired to take the case out of the statute of frauds. Plaintiff insists that the case is not within the statute: (1) Because of part performance on his part; (2) because defendant is estopped from denying the oral lease; and (3) for the reason that defendant cannot avail himself of the statute; because, to permit him to do so, would allow him to perpetrate a fraud.

Plaintiff is presumed, of course, to be a tenant at will (Code, section 2991); but it is proper for him

1. LANDLORD AND TENANT: character of tenancy: evidence: statute of frauds.

to show, by competent testimony, that he is a tenant for years, and, as a rule, no evidence of an oral lease for more than one year is admissible (Code, section 4625, par. 4).

Neither taking possession of the property under an oral lease, nor the payment of rent thereunder, will take the case from under the statute. Code, section 4626; *Burden v. Sheridan,* 36 Iowa, 125; *Hunt v. Coe,* 15 Iowa, 197; *Recknagle v. Schmaltz,* 72 Iowa, 63; *Powell v. Crampton,* 102 Iowa, 364; *Burden v. Knight,* 82 Iowa, 584; *Thorp v. Bradley,* 75 Iowa, 50. In this respect our statute differs from that of many other states. *Butler v. Threlkeld,* 117 Iowa, 116.

Again, the written memorandum of agreement, or lease,

2. SAME: statute of frauds.

must be signed by the party to be charged. It is not enough that it be signed by the plaintiff alone. *Steel v. Fife,* 48 Iowa, 99.

But the statute was intended to prevent perjury and fraud, and cannot be used as an instrument whereby to perpetrate a fraud. And this rule is peculiarly applicable to equitable actions, such as this. *Burden v. Sheridan,* 36 Iowa, 125; *Newis v. Topfer,* 121 Iowa, 433; *Gregory v. Bowlsby,* 115 Iowa, 327; Id., 126 Iowa, 588; *Acker v. Priest,* 92 Iowa, 610. The authorities from other states are uniform on this proposition. See *Morrison v. Herrick,* 27 Ill. App. 339; *Hodges v. Howard,* 5 R. I. 149; *Eaton v. Whitaker,* 18 Conn. 222 (44 Am. Dec. 586); *Glass v. Hulbert,* 102 Mass. 24 (3 Am. Rep. 418); *Anderson v. Hubble,* 93 Ind. 570 (47 Am. Rep. 394); *Equitable Co. v. Baltimore Co.,* 63 Md. 285; *Walker v. Bruce,* 44 Colo. 109 (97 Pac. 250); *Seymour v. Oelrichs,* 156 Cal. 782 (106 Pac. 88, 134 Am. St. Rep. 154); Jones, Landlord & Tenant, section 160.

The rule is thus summarized by Pomeroy, in his work on Equity Jurisprudence (sections 921, 1293, and 1294):

The statute of frauds was enacted for the purpose of preventing fraud and cannot be made an instrument of shielding, protecting, or aiding the parties who rely upon it in the perpetration of the fraud or the consummation of a fraudulent scheme. This proposition is the basis of many forms of equitable relief as in cases of verbal agreements for the sale of land, reformation, and enforcement of agreements which are imperfect through fraud or mistake.

Where any agreement is made verbally which the statute requires should be in writing or the execution of a written agreement is prevented through the fraud of one party and the other party is induced to accept and rely upon the verbal agreement as binding and valid, a court of equity will not permit a *fraudulent party to set up the statute of frauds as a defense,* but will enforce the contract against him although it is merely verbal.

When equity seems to depart from and disregard the statute and especially in its enforcement of verbal contracts for the sale of lands, which have been part performed, it is only invoking the aid of the most salutary principles for the purpose of carrying out the ultimate object of the statute, as the primary object of the statute is to prevent frauds, mis-

takes, or perjuries, by substituting written for oral evidence in the most important class of contracts.

Courts of equity have established the principles which they apply in various circumstances that it shall not be used as an instrument for the accomplishment of fraudulent purposes. Designed to prevent fraud, it shall not be permitted to work fraud. This principle lies at the basis of the doctrine concerning part performance, but is also enforced wherever it is necessary to secure equitable results.

There is a form of contract peculiar to equity which is created by representations made by one party and acts done by the other party upon the faith of such representations. Where an absolute unconditional representation of something to be done in the future is made by one person in order to accomplish a particular purpose, and the person to whom it is made relying on it does the act by which the intended result is obtained and purpose accomplished, a contract is thereby concluded between the parties.

Of course, the mere denial of an oral agreement or a refusal to perform will not be sufficient to prove fraud. *McClain v. McClain*, 57 Iowa, 167; *Gregory v. Bowlsby*, *supra*. But where a promise is made, such as is shown in this case, and on the strength thereof plaintiff surrenders another lease, goes to the expense of moving and places valuable improvements upon the property which are designed for that property alone, and is finally presented with a written lease, drawn by the defendant covering the agreement as originally made which lease he signs on his part and pays rent thereunder for ten months, and then is threatened with removal unless he consents to an advance in the rental to $60 per month, it is perfectly plain that defendant is attempting to use the statute of frauds as an instrument whereby to perpetrate a fraud upon the lessee and equity will give such lessee protection. If it did not, it would be a humiliating confession that a court of chancery is helpless and incapable of affording relief where the law is deficient, and is unable to prevent fraud and deception. Other cases in support of the rules

3. SAME: parol lease: statute of frauds: equitable relief.

here announced will be found in the citations in *Gregory v. Bowlsby, supra*. See, also, Browne on Statute of Frauds (4th Ed.) sections 448, 448-a, 448-b, 450, 457-a, and cases cited.

The general doctrine upon which the rule is based is founded upon estoppel. All the elements thereof are present here, and we think the trial court was clearly correct in overruling the demurrer and in rendering the decree as prayed.— *Affirmed.*