ERNESTINE G. WOLFE ET ALS. *v.* WALLINGFORD BANK AND TRUST COMPANY

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued May 3d—decided July 12th, 1938.

*Joseph N. Manfreda,* with whom, on the brief, was *Jacob Belford,* for the appellant (defendant).

*Charles G. Albom,* with whom, on the brief, were *Robert J. Woodruff* and *A. Oswald Pallman,* for the appellees (plaintiffs).

BROWN, J. Under the substituted complaint as amended and as tried, this case was one at law for damages for breach of the oral agreement alleged for the conveyance of land. Upon a previous appeal, reported in 122 Conn. 507, 191 Atl. 88, we held that the

trial court erred in recognizing in this action at law
the purely equitable doctrine of part performance to
take the contract out of the Statute of Frauds, set
aside the judgment for the plaintiffs, and remanded
the case for further proceedings. The plaintiffs there-
upon amended their complaint by adding allegations
that the defendant is estopped to interpose the Statute
of Frauds as a defense by reason of extensive improve-
ments made to the property by the plaintiffs in pos-
session subsequent to the agreement by the defendant
to reconvey the premises after foreclosure thereof by
it, and upon the retrial obtained a verdict for $2500.
The present appeal is from the denial of the defend-
ant's motion to set aside the verdict and from the
judgment. The fundamental question presented is
whether upon the evidence as to their acquiescence in
the foreclosure judgment by default in favor of the
defendant and the improvements made to the prop-
erty by the plaintiffs subsequent to the defendant's
oral promise to convey the premises to them, the de-
fendant is estopped from interposing the defense of
the Statute of Frauds to defeat the plaintiffs' recovery
upon the agreement.

In support of the substituted complaint the plain-
tiffs offered evidence to prove that the plaintiff Ernes-
tine G. Wolfe is the administratrix of her deceased
husband's estate, and the other plaintiffs are their
living children and the children of a deceased
daughter; that in 1930 Mrs. Wolfe as administratrix
mortgaged to the defendant for $2500 real estate of
the decedent; that in 1933, at the instance of the de-
fendant, she acquiesced in a foreclosure by it of the
mortgage, under an oral agreement that after obtain-
ing title the defendant would convey it to her indi-
vidually to hold for herself and the other plaintiffs,
she to give the defendant a mortgage for the amount

of the original mortgage and to pay the accrued interest and costs of the foreclosure when the defendant delivered the title deeds and a statement of the interest and costs to her; that the defendant, pursuant thereto, secured title by foreclosure in March 1934, but, instead of conveying to Mrs. Wolfe, sold the real estate to other parties for prices much less than its real value; that the plaintiffs continued to occupy the premises until November, 1935, and after the foreclosure, with the knowledge, consent and approval of the defendant, made extensive improvements, including the installation of a new water system serving the house and the store on the premises, new plumbing, electric pumps, repairs to the house foundation, and interior painting and papering, which were of considerable value and added substantially to the value of the real estate. The complaint as amended further alleged besides the estoppel of the defendant to take advantage of the Statute of Frauds, that by violation by the defendant of its agreement the plaintiffs lost the value of their equity in the property, and claimed $8000 damages.

The errors assigned in the denial of the motion in arrest of judgment and in the overruling of the defendant's demurrer to the amendment to the complaint alleging an estoppel, are without merit. By this amendment the plaintiff attempted to plead an estoppel in pais against the defendant's taking advantage of the Statute of Frauds as a defense. "That was unnecessary: such estoppel could be proved without being pleaded. *Bernhard* v. *Rochester German Ins. Co.,* 79 Conn. 388, 395, 65 Atl. 134; *Fish* v. *Smith,* 73 Conn. 377, 387, 47 Atl. 711; *Plumb* v. *Curtis,* 66 Conn. 154, 173, 33 Atl. 998; *Hawley* v. *Middlebrook,* 28 Conn. 527, 536." *Schaefer, Jr., & Co.* v. *Ely,* 84 Conn. 501, 505, 80 Atl. 775; *Cupo* v. *Royal Ins. Co.,* 101 Conn.

586, 593, 126 Atl. 844. Whether or not as pleaded all of the essential elements of an estoppel were set forth is therefore immaterial.

A ground of error claimed by the defendant in the denial of its motion to set aside the verdict, is that the evidence is insufficient to prove performance by the plaintiffs of their part of the claimed contract essential to charge the defendant with liability. No error is assigned in the court's charge to the jury and the charge is not printed in the record. It is to be presumed that the court properly charged the jury as to the law upon this issue and the facts necessary to be found in support thereof which its verdict indicates it did find. In view of Mrs. Wolfe's testimony, among other evidence, that the agreement was that she was to pay the accrued interest, taxes, and cost of the foreclosure "after the title was turned back, but it never was turned back so I never found out just how much it would be"; that she asked the defendant's president "a number of times when it was I could straighten out things as he agreed to do, but he didn't seem to want to say much about it"; and that she had arranged to raise enough money to pay the accrued interest and the expenses of the foreclosure, we cannot say that there was not sufficient evidence to support the verdict in this particular. No time for performance was agreed upon but performance by both parties in these particulars was evidently intended to be simultaneous; upon proof of a demand for performance by Mrs. Wolfe and refusal of the defendant to perform or to set a time for performance her right to recover for a breach of the contract was complete if she was willing, able and ready to perform, and no actual tender on her part was necessary. *Stierle* v. *Rayner*, 92 Conn. 180, 183, 102 Atl. 581;

*Lunde* v. *Minch,* 105 Conn. 657, 659, 136 Atl. 552; *Dadio* v. *Dadio,* 123 Conn. 88, 91, 192 Atl. 557.

The defendant further claims that the evidence is insufficient to prove that the plaintiffs, in making the improvements, acted in reliance on the defendant's promise to reconvey. More specifically the contention is that this must be so since Mrs. Wolfe's testimony shows that the improvements were made during the period from September of 1934 to the spring of 1935, and that in October 1934 she was told by the defendant's president that one piece of the farm upon which were no buildings had been sold and that the defendant was going to sell the rest of it, which he reiterated in June, 1935. It being presumed that the court's charge was also correct upon this issue, we are unable to say that in view of her protests and other pertinent facts in evidence, the jury were unwarranted in concluding that the plaintiffs refused to believe that the defendant would violate its promise and relied thereon in making the improvements. Neither can it be said, therefore, that in this particular the evidence was insufficient to support the verdict.

The most important question presented by this appeal, involved in the court's rulings upon evidence and upon the motion to set aside the verdict which are assigned as error, is whether the defendant's promise to reconvey affords a basis for the estoppel claimed by the plaintiffs. The Statute of Frauds, § 5982 of the General Statutes, providing that "no civil action shall be maintained upon any agreement . . . for the sale of real estate or any interest in or concerning it . . . unless such agreement, or some memorandum thereof, be made in writing, and signed by the party to be charged therewith," does not make void the contract to which the limitation applies, but affects only the remedy. *Downer* v. *Chesebrough,* 36 Conn. 39, 45;

*Fisk's Appeal,* 81 Conn. 433, 439, 71 Atl. 559; *Schempp* v. *Beardsley,* 83 Conn. 34, 37; 27 C. J. 311, § 398. It is a defense therefore which may be effectively waived by the party entitled to it. *Woolley* v. *Stewart,* 222 N. Y. 347, 351, 118 N. E. 847, 848; *Aldrich* v. *Carpenter,* 160 Mass. 166, 35 N. E. 456; 27 C. J. 337, § 425. One may likewise become estopped to set up the statute, by conduct sufficient to constitute an estoppel in accordance with the usual rules as to estoppel generally. *Knauf & Tesch Co.* v. *Elkhart Lake Sand & Gravel Co.,* 153 Wis. 306, 316, 141 N. W. 701, 48 L. R. A. (N. S.) 744, 757, and cases cited in Note, pages 746 et seq.; 25 R. C. L. 700, § 343; 27 C. J. 338, § 425; Restatement, Contracts, Vol. 1, § 178, Comment *f*.

While there is a conflict of authority, a number of well considered cases hold that where a plaintiff has acted solely in reliance on an oral agreement an estoppel may be raised to defeat the statute. Among these are *Vogel* v. *Shaw,* 42 Wyo. 333, 294 Pac. 687, 75 A. L. R. 639, 643; *Halligan* v. *Frey,* 161 Iowa 185, 141 N. W. 944, 946; *Seymour* v. *Oelrichs,* 156 Cal. 782, 106 Pac. 88, 94; *Tuck* v. *Gudnason,* 11 Cal. App. (2d) 626, 54 Pac. (2d) 88, 90. Two of many other cases which might be cited illustrative of such an estoppel are *Glass* v. *Hulbert,* 102 Mass. 24, 35, and *Andrews* v. *Charon,* 289 Mass. 1, 193 N. E. 737, 739. See also *Dickerson* v. *Colgrove,* 100 U. S. 578, 584. Most of these cases where the statement or promise relates to an intended abandonment of an existing right, and is made to influence others who have in fact been influenced by it, fall within what is termed "a well recognized exception to the rule" that ordinarily the doctrine of estoppel is not applicable to promises concerning the future. 21 C. J. 1142, § 145. It has been repeatedly pointed out by the courts that the doctrine

of part performance has arisen to prevent the use of the Statute of Frauds to accomplish a fraud. As was said by the court in *Andrews* v. *Charon,* supra (p. 5): "The primary consideration is not the unjust retention of a benefit" by the defendant, "but the fact that by reason of that party's failure to convey in accordance with an oral agreement or mutual understanding relied on" by the plaintiffs, they "suffer 'the infliction of an unjust and unconscionable injury and loss.'" "'In a suit founded upon . . . part performance, the defendant is really 'charged' upon the equities resulting from acts done in execution of the contract, and not (within the meaning of the statute) upon the contract itself.' *Maddison* v. *Alderson,* 8 App. Cas. 467, 475." *Hanney* v. *Clark,* 124 Conn. 140, 148, 198 Atl. 577. So in the present case, the jury could properly have found upon the evidence that the plaintiffs, relying upon the defendant's promise to reconvey, permitted the defendant to take judgment by default against them and expended a substantial sum of money in making repairs and improvements to the property, which, should the defendant be permitted to repudiate its promise, would result not only in the infliction upon them of the unjust and unconscionable loss of the sums so expended, but also of their equity in the property as well. We conclude that, as in the cases above cited, the plaintiffs here are entitled to resort to estoppel to prevent the manifest imposition and injustice which the jury were warranted in finding would be the result of the defendant's breach of its agreement to reconvey.

In reaching this conclusion, however, that there is an estoppel effective against the defense of the statute, we strictly limit its scope to the particular situation before us. Upon the previous appeal as above suggested, we held that this being an action at law the

plaintiff was not entitled to the benefit of the equitable doctrine of partial performance to take the case out of the statute. The question of estoppel now before us was not presented in the original proceeding either upon the trial or appeal. Patently the plaintiffs' failure to assert it then in no way limits their rights thereunder now. We refer to that, however, since the determination of the case as now presented requires no recognition of a right in the plaintiffs to relief by estoppel beyond one coextensive with that available to her under the doctrine of partial performance had she proceeded in equity instead of law, and our decision is restricted accordingly. As is clearly demonstrated in a note, 75 A. L. R. 650, amply supported by the authorities therein cited, part performance in its essence rests upon the ground of estoppel. It is there well stated (p. 651) as essential to it that "The plaintiff, in reliance on the contract and on the acts or acquiescence of the defendant, must have changed his position or prejudiced himself," and further, quoting eminent authority, that " 'nothing is to be considered as a part performance which does not put the party into a situation which is a fraud upon him unless the agreement is fully performed' "; 2 Story, Equity Jurisprudence (14th Ed.) § 1045; 4 Pomeroy, Equity Jurisprudence (4th Ed.) § 1409; and it is also pointed out that the weight of authority recognizes the rule to be based upon estoppel or fraud, citing Browne, Statute of Frauds (5th Ed.) § 456; *Glass* v. *Hulbert,* supra; *Halligan* v. *Frey,* supra. This court has repeatedly used language in recognition of these principles. *Eaton* v. *Whitaker,* 18 Conn. 222, 229; *Santoro* v. *Mack,* 108 Conn. 683, 690, 145 Atl. 273.

While many of our own decisions and those of other jurisdictions in dealing with this question stress the

importance of the relationship between acts relied upon and contract, this requirement, as is pointed out at page 651 of the A. L. R. note referred to above, "is primarily intended not to assure the probative integrity of the acts in question, but to show that the plaintiff relied upon the agreement and upon the defendant's inducement or acquiescence, such reliance being a prerequisite element of estoppel." The true basis of the doctrine of partial performance is estoppel, and we are satisfied that the evidence in this case was sufficient to have established partial performance had that doctrine been available to the plaintiffs. We further conclude, however, that for the reasons already indicated, it was likewise sufficient to support the jury's finding that the defendant was estopped from relying upon the statute, and that the plaintiffs were entitled to the benefit thereof. Unfortunate though it may seem that the case as presented on the former appeal did not lead to this fuller consideration of this relationship between partial performance and estoppel, it may properly be observed that the content of the record suggests that the larger award to the plaintiffs upon the retrial more closely approximates real justice than did the original verdict.

Our conclusion above does not involve adoption of the rule that estoppel against the defense of the statute may be effective to pass title to the land in question, for which there is authority. 25 R. C. L. 700, § 343. The plaintiffs here were not seeking a reconveyance but damages only. Our conclusion is fortified, however, by the fact that there are decisions of this court, which though not involving the precise question before us, do hold that a promise acted upon by the other party may create an interest in the promissor's land through estoppel. *Brown* v. *Wheeler*, 17 Conn. 345, 352; *Alderman* v. *New Haven*, 81 Conn. 137, 140,

70 Atl. 626; *New York, N. H. & H. R. Co.* v. *Russell,* 83 Conn. 581, 592, 78 Atl. 324. The effect of such an estoppel as in this case is not to make binding "promissory representations as to future action dependent upon a contract to be entered into," which it was said could not be done in *Union Mutual Life Ins. Co.* v. *Mowry,* 96 U. S. 544, quoted and applied in *Allen* v. *Rundle,* 50 Conn. 1, 29, because to do so would be to make effective an oral agreement which had been merged in a written one; nor to give to one person the benefit of a provision in an agreement between others which they might change at any time, which it was held could not be done in *Weidemann* v. *Springfield Breweries Co.,* 78 Conn. 660, 664, 63 Atl. 162; nor to make binding a mere promise upon which the party claiming the benefit of the estoppel had no right to rely, as was claimed in *Marsh* v. *Bridgeport,* 75 Conn. 495, 500, 54 Atl. 196. The estoppel in such a case as the one before us makes enforceable an agreement in all respects complete and valid except that compliance with the Statute of Frauds is lacking, by preventing the defendant from setting up that statute to defeat his agreement. In so far as *DeLucia* v. *Witz,* 92 Conn. 416, 103 Atl. 117, is contrary to the conclusion here reached, it must be overruled.

Two other claims of the defendant require but brief mention. One is that an actual design or intent to deceive or defraud must exist in the maker at the time of his representation or promise, to afford the basis of an estoppel. The law is not so. "In this connection the meaning given to fraud or fraudulent is virtually synonymous with unconscientious or inequitable. The fraud may and generally does consist in the subsequent attempt to controvert the representation and to get rid of its effects, and thus to injure the one who has relied on it, or, as it has been stated,

equitable estoppel arises when the conduct of the party estopped is fraudulent in its purpose or unjust in its results." 10 R. C. L. 691, § 20; *Seymour* v. *Oelrichs,* 156 Cal. 782, 796, 106 Pac. 88, 94. The other is that the estoppel we have been discussing is not available to the plaintiffs in this action, which is one at law, as distinguished from a proceeding in equity. As was said in our opinion upon the former appeal in this case, 122 Conn. 507, 513, 191 Atl. 88, "The modern estoppel in pais although of equitable origin is of equal application in courts of law. *Canfield* v. *Gregory,* 66 Conn. 9, 17, 33 Atl. 536." See also *Dickerson* v. *Colgrove,* supra, 584; and 48 L. R. A. (N. S.) 745, Note at p. 774.

There is no error.

In this opinion the other judges concurred.