## V. S. POWELL, Appellant, v. J. C. CRAMPTON.

**Statute of Frauds:** ORAL LEASE. An oral agreement to lease is not taken out of the statute of frauds by testimony of the alleged lessor, that, while a lease was negotiated, its terms were not fully settled. Omissions from the alleged lease cannot be supplied by evidence other than defendants; neither is defendant estopped to deny the lease.

PART PERFORMANCE. Part performance of an oral contract to lease land, for the term of more than one year, does not take the case out of the statute of frauds. and evidence for that purpose is not admissible.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON, Judge.

### SATURDAY, MAY 22, 1897.

ACTION for the specific performance of a contract to lease a part of a lot in the city of Des Moines. Decree for the defendant, and plaintiff appeals.— *Affirmed.*

*J. A. Merritt* for appellant.

*Dudley & Coffin* for appellee.

LADD, J.—On the eleventh day of April, 1890, the defendant in writing leased the part of the lot in controversy to Williams & Powell, who were owners of the brick building thereon, for a term of two years and six months, at the rental of twelve dollars and fifty cents per month. Williams & Powell sold the building, and assigned the lease to J. C. Powell, February 1, 1892, and he continued in occupancy of the premises till March 5, 1895; paying, after the expiration of

the written lease, twenty-five dollars per month, though no term was fixed. He sold the building to the plaintiff, March 5, 1895, who took possession the day following. The plaintiff claims that he entered into an oral contract with the defendant by which the latter was to lease the land to him for a period of five years. The defendant denies making the contract, and insists that, if made, it cannot be established by oral testimony.

I. The appellant cites authorities holding that part performance of an oral contract to lease land for a term of more than one year will take the case out of the statute of frauds. Such is not the construction given the statute in this state, and evidence for that purpose is not admissible. *Hunt v. Coe*, 15 Iowa, 197; *Thorp v. Bradley*, 75 Iowa, 50 (39 N. W. Rep. 177); *Burden v. Knight*, 82 Iowa, 584 (48 N. W. Rep. 985).

II. It is insisted that the defendant's testimony, considered alone, establishes an oral agreement to lease. If so, the plaintiff is entitled to the relief prayed. *Auter v. Miller*, 18 Iowa, 405; *Smith v. Phelps*, 32 Iowa, 537; *Dewey v. Life*, 60 Iowa, 361 (14 N. W. Rep. 347). The plaintiff claims that the lease was to be for five years from April 1, 1895, and that he was to expend for improvements on the building the sum of five hundred dollars by September 1 following. The defendant testified that the time from which the lease was to run was not agreed upon; that nothing was said about the value of improvements; that he never consented to a delay till September before the improvements should be made; and that their character was not fully determined, but he was to state what they should be in the written lease, and submit it to the plaintiff's agent, J. C. Powell. According to this evidence, the terms of the contract were not fully settled, and omissions cannot be supplied by other evidence. *Auter v. Miller, supra.* It is urged that the

defendant is estopped from denying an oral contract to lease. The trouble with this position is that such a contract has not been established by competent evidence. That upon which the claimed estoppel is based was not admissible. The decree of the district court must be AFFIRMED.