Dean E. KOLKMAN, Appellee,

v.

Corrine ROTH, Appellant.

No. 01–0945.

Supreme Court of Iowa.

Jan. 23, 2003.

William R. Jahn, Jr. of Aspelmeier, Fisch, Power, Engberg & Helling, P.L.C., Burlington, for appellant.

Peter W. Hansen of Hildreth & Hansen, Burlington, and Patrick W. O'Bryan, Des Moines, for appellee.

CADY, Justice.

In this appeal, we must determine if the promissory estoppel exception to the statute of frauds applies to an action for breach of an oral lease in excess of one year. The district court determined the exception applied and entered judgment for the appellee following a jury trial. The court of appeals affirmed the judgment of the district court. On further review, we affirm the decision of the court of appeals and the judgment of the district court.

## I. Background Facts and Proceedings.

Corrine Roth inherited 800 acres of farmland located in Des Moines County from her father following his death in December 1995. At the time, Dean Kolkman farmed the land pursuant to an oral crop-share lease. The lease term was year-to-year, with profits shared on a fifty-fifty basis between Kolkman and Roth's father. Roth also worked for her father on the farm over the years until approximately two years prior to his death. She was primarily involved in her father's livestock operation. Kolkman was also involved in the livestock operation, especially during the two years prior to the time Roth inherited the farm. During these two years, Kolkman ran the cattle operation under an arrangement similar to the grain operation.

In the spring of 1996, Roth asked Kolkman if he would continue to farm the ground and raise the cattle as he did for her father. Roth and Kolkman agreed that Kolkman would continue in the farming operation. They also agreed Kolkman and his wife would reside in one of the houses on the farm rent-free. Unfortunately, this agreement, and any additional terms, was not reduced to writing.

Kolkman and his wife moved to the farm in June 1996, and Kolkman successfully

operated the farm, without incident, until 1999. During this time, Kolkman raised cattle, cultivated and harvested crops, and improved and cared for the land by fixing buildings and removing debris and manure. The farm was generally run down at the time it was inherited by Roth, and Kolkman improved its condition by performing work not typically done by a tenant farmer.

In 1999 Roth sought to charge Kolkman rent for the farmhouse in which he was residing in the amount of $550 a month.[1] Roth also proposed a written farm lease between them that would terminate in 2000. Kolkman refused to execute the written proposals, and Roth sought to terminate the tenancy.

Kolkman responded by filing an action against Roth for breach of contract. He claimed the 1996 oral agreement with Roth included a term permitting him to live in the house rent free and remain the tenant on a fifty-fifty basis until he "retired or couldn't work any more." Kolkman further claimed he relied on this promise in several ways, including selling his former residence and moving to the farm, purchasing various farm equipment, and improving the land by making repairs and removing debris.

Roth denied any term regarding the length of their lease, and sought summary judgment. She claimed the statute of frauds prevented Kolkman from establishing an oral contract between the parties. The district court denied summary judgment and the case proceeded to trial. At trial, the district court, after finding Kolkman established the elements of promissory estoppel, determined the statute of frauds did not bar oral evidence of a lease.

The jury then found the parties entered into a contract, supported by consideration, based on the terms asserted by Kolkman. It found Roth breached this contract and awarded Kolkman damages of $154,429.

Roth appealed and Kolkman cross-appealed. We transferred the case to the court of appeals. The court of appeals affirmed the judgment of the district court and Roth sought further review. The single issue presented on further review is whether the doctrine of promissory estoppel can be used to remove a claim based on an oral contract to lease land in excess of one year from the domain of the statute of frauds.

## II. Scope of Review.

■ We review a decision by the district court to admit oral evidence of a contract under an exception to the statute of frauds for corrections of errors at law. *Pollmann v. Belle Plaine Livestock Auction, Inc.,* 567 N.W.2d 405, 407 (Iowa 1997).

## III. Statute of Frauds.

■ Under our statute of frauds, evidence of certain types of contracts is inadmissible, unless it is "in writing and signed by the party" sought to be charged. Iowa Code § 622.32 (1999). One type of contract included within the statute is a contract creating or transferring an interest in real estate other than leases for a term less than one year. *Id.* § 622.32(3). The statute "does not void such oral contracts," but "makes oral proof of them incompetent." *Pollmann,* 567 N.W.2d at 407.

■ Like most other rules, exceptions have been created to the statute of frauds.

---

1. Roth was single at the time she inherited the farm, but married Lanny Joe Roth in 1997. In early 1999, Roth informed Kolkman that her husband would be taking over the farming operation and would be making the farming decisions. After this time, Lanny Joe Roth communicated with Kolkman on behalf of Corrine Roth.

Iowa Code section 622.33 creates one such exception for contracts that fall within the real estate category. Iowa Code § 622.33. This section removes such oral agreements from the domain of the statute under two circumstances. *Pollmann*, 567 N.W.2d at 407. The first circumstance is where the vendor of a real estate contract has received "the purchase money, or any portion thereof, ... or when the vendee, with the actual or implied consent of the vendor, has taken and held possession of the premises under and by virtue of the contract." Iowa Code § 622.33. This language codifies the ancient doctrine of part performance, and permits the statute of frauds to be avoided where a party has rendered the type of part performance described in the statute. *See Gardner v. Gardner*, 454 N.W.2d 361, 363 (Iowa 1990); 10 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 28.2, at 268 (4th ed.1999) [hereinafter Williston] (doctrine of part performance originated prior to "doctrine of estoppel by conduct"); 73 Am. Jur.2d *Statute of Frauds* § 312, at 13 (2001) (doctrine of part performance antedated statute of frauds). The rationale for the part performance exception actually lies in the principles of estoppel and fraud. *Miller v. Lawlor*, 245 Iowa 1144, 1152, 66 N.W.2d 267, 272 (Iowa 1954); 10 Williston § 28.2, at 268. The part performance exception exists to prevent the type of fraud that would occur "if the defendant were permitted to escape performance of his or her part of the oral agreement after permitting the plaintiff to perform in reliance upon the agreement." 73 Am.Jur.2d *Statute of Frauds* § 313, at 13 (footnote omitted); *see also Miller*, 245 Iowa at 1152, 66 N.W.2d at 272 (part performance actually describes those acts done pursuant to and in reliance upon a contract). Accordingly, part performance is not a substitute for evidence of a written contract, but is grounded in the theory that the defendant is estopped to assert the statute of frauds as a defense. *See* 73 Am.Jur.2d *Statute of Frauds* § 314, at 14.

The second circumstance that will remove an oral real estate contract from the statute of frauds is derived from the concluding language of section 622.33, which makes the statute inapplicable under "any other circumstance which, by the law heretofore in force, would have taken the case out of the statute of frauds." Iowa Code § 622.33. We have interpreted this language to mean that the doctrine of promissory estoppel is available to remove an oral real estate contract from the statute of frauds. *See Miller*, 245 Iowa at 1149–53, 66 N.W.2d at 271–73. We first recognized promissory estoppel as a "circumstance" to avoid the statute of frauds in our landmark case of *Miller*, and have confirmed it on numerous occasions since that time. *See Pollmann*, 567 N.W.2d at 407; *Meylor v. Brown*, 281 N.W.2d 632, 635 (Iowa 1979) (promissory estoppel applies to the statute of frauds); *Warder & Lee Elevator, Inc. v. Britten*, 274 N.W.2d 339, 342–43 (Iowa 1979).

Promissory estoppel developed as a doctrine in the law in response to the strict traditional requirements for the formation of a contract, especially the requirement that all enforceable contracts be supported by consideration. *See* Jay M. Feinman, *Promissory Estoppel and Judicial Method*, 97 Harvard L.Rev. 678, 679–80 (1984); 4 Williston § 8.4, at 11. Thus, the theory behind promissory estoppel was to make parties "liable for their promises despite [the] absence of" consideration required under contract law. *Schoff v. Combined Ins. Co. of Am.*, 604 N.W.2d 43, 48 (Iowa 1999). For this reason, we have viewed the effect of promissory estoppel to imply a contract in law based on detrimental reliance. *Id.* However, other principles of contract law can conflict with the doctrine

of promissory estoppel, such as the requirement of a writing for some types of contracts under the statute of frauds, and *Miller* opened the door to expand the promissory estoppel doctrine beyond its role as a substitute for consideration. Thus, promissory estoppel is not only a substitute for consideration, but is also recognized as an exception to the statute of frauds even in cases where the promise may be supported by consideration. *See Warder & Lee Elevator, Inc.*, 274 N.W.2d at 343; *see also* Restatement (Second) of Contracts § 139 cmt. b, at 355 (1981) (recognizing circumstances that justify enforcement of a promise unenforceable under the statute of frauds). Like part performance, it focuses on reliance.

Roth acknowledges both exceptions to the statute of frauds, but argues they must not be expanded so far as to apply to leases claimed to be in excess of one year. Roth points out we have refused to apply the part performance exception to oral leases for a term of more than one year, and, as a compatible doctrine, should similarly restrict promissory estoppel under the same circumstances. *See Snater v. Walters*, 250 Iowa 1189, 1199, 98 N.W.2d 302, 308 (Iowa 1959) ("Part performance ... under an oral lease for a term of more than one year will not take the case out of the statute of frauds.").

We recognize part performance and promissory estoppel to be compatible doctrines as exceptions to the statute of frauds. *Miller*, 245 Iowa at 1152, 66 N.W.2d at 272. They are both based on reliance and exist to prevent fraud, and are compatible because they share common goals. However, under section 622.33, the part performance exception is defined in relationship to a contract for the sale or purchase of real estate, not leases. *Halligan v. Frey*, 161 Iowa 185, 188, 141 N.W. 944, 945 (1913); *Thorp v. Bradley*, 75 Iowa 50, 52, 39 N.W. 177, 178 (Iowa 1888). Thus, it describes one type of circumstance that justifies avoidance of the statute of frauds to prevent it from working the same type of fraud it was designed to prevent. *See Halligan*, 161 Iowa at 189–90, 141 N.W. at 945–46. The doctrine of promissory estoppel has the same goal, but accomplishes it in other ways. *See id.* The two exceptions are compatible, yet can embrace distinct circumstances. The distinction between part performance and estoppel has been summarized in 73 American Jurisprudence Second *Statute of Frauds* section 474:

> ... though the doctrine of part performance has its basis in an estoppel, the doctrines are not the same, as the doctrine of part performance has historically been applied chiefly to contracts involving the sale of land, while the doctrine of equitable estoppel is more encompassing in this respect. The doctrine of part performance had its origin prior to and independently of the modern doctrine of estoppel by conduct, and its operation is more extensive than that of the ordinary forms of estoppel; under the doctrine of part performance, a person may not only be precluded from asserting his title or interest in property, but he may even be compelled to make good or to specifically perform his representations. On the other hand, although the acts of one of the parties to an oral contract may be insufficient to amount to part performance, the other party to the contract may be estopped by that party's conduct to assert the statute of frauds against the contract. Hence, even though in a court of law one may not be entitled to the benefit of the equitable doctrine of part performance, this does not prevent recovery at law based upon the premise that where a proper factual basis is established, the

defendant in a law action may be held estopped to assert the statute of frauds....

73 Am.Jur.2d *Statute of Frauds* § 474, at 159–60 (footnotes omitted). With this in mind, there is no inconsistency between using one doctrine as an exception to the statute of frauds for leases in excess of one year and excluding the other doctrine. *See* 10 Williston § 27.15, at 140 (a party who is unable to invoke part performance is not precluded from raising estoppel to prevent the use of the "statute of frauds as a defense"). Promissory estoppel is broader than part performance and ultimately utilizes special standards to determine whether injustice can be avoided by enforcing a promise otherwise unenforceable under the statute of frauds. *See Warder & Lee Elevator, Inc.*, 274 N.W.2d at 342–43.

Despite the broad development of the promissory estoppel doctrine over the years, Roth argues we have previously restricted its use as an exception to the statute of frauds to oral leases in a case decided over a century ago. *See Powell v. Crampton*, 102 Iowa 364, 71 N.W. 579 (1897). Roth argues we are obligated to recognize this early restriction today, especially in light of the language of section 622.33 that limits the second exception to circumstances where "the law heretofore in force" permitted the statute of frauds to be avoided.[2] Iowa Code § 622.33.

█ In *Powell*, a tenant sought specific performance of an oral lease claimed to be for a term of five years. *Powell*, 102 Iowa at 365, 71 N.W. 579. We held that the statute of frauds prevented proof of the lease, and the exceptions to the statute asserted by the tenant did not apply. *Id.* at 365–66, 71 N.W. 579. However, the tenant did not raise promissory estoppel as an exception and we did not address the question whether promissory estoppel could be used as an exception to the statute of frauds. Instead, the tenant asserted the case fell outside of the statute of frauds based on part performance and based on the landlord's own testimony establishing the oral lease. *Id.* at 365, 71 N.W. 579. Based on these arguments, the tenant claimed the landlord was "estopped from denying an oral contract to lease." *Id.* at 366, 71 N.W. 579. We determined the part performance exception under the statute did not apply to leases and that the landlord's testimony was insufficient to constitute an admission of all of the lease terms. *Id.* at 365–66, 71 N.W. 579; *see also* E. Allan Farnsworth, *Contracts* § 6.7, at 394–97 (3d ed.1999) (footnotes omitted). Although we concluded estoppel was not established, the decision did not consider the specific claim of promissory estoppel. Instead, it simply recognized, as we have since, that the estoppel doctrine lies at the heart of the exceptions to the statute of frauds, and the effect of establishing an exception to the statute is to estop the other party from asserting the statute of frauds to render oral proof of a contract incompetent.[3] *See* 73 Am.Jur.2d *Statute of*

---

2. In *Miller*, we did not identify when promissory estoppel arose as a circumstance that would take a case out of the statute of frauds. However, we observe legal scholars have recognized that the legal concept of enforcing promises based on detrimental reliance can be traced back to the eighteenth century. *See* Jay M. Feinman, *Promissory Estoppel and Judicial Method*, 97 Harv. L.Rev. 678, 679–80 (1984). We also observe that our legislature has never exercised its authority to amend section 622.33 following our declaration in *Miller* that promissory estoppel was a circumstance to take a case out of the statute of frauds. *See State v. Anderson*, 517 N.W.2d 208, 214 (Iowa 1994).

3. There is a recognized distinction between equitable estoppel and promissory estoppel as applied to the statute of frauds. Equitable

*Frauds* § 478, at 166 (footnotes omitted) (judicial admission doctrine considered to be "a waiver of, exception to, or as working an estoppel on a party's asserting the statute of frauds as a defense"). Consequently, *Powell* is not inconsistent with our development of the doctrine of promissory estoppel as a circumstance to establish an exception under section 622.33. Moreover, we have never rejected promissory estoppel as an exception in cases involving leases in excess of one year.

Finally, Roth claims that such unbridled use of the promissory estoppel exception will essentially swallow the statute of frauds rule when applied to real estate leases because a tenant will always be able to claim the existence of an oral lease in excess of one year. Roth claims this result is incongruous to the purposes behind the statute of frauds and the specific statutory exclusion for leases with a term less than one year. *See* Iowa Code § 622.32(3). She argues our legislature would not have excluded oral leases for a term less than one year from the category of real estate cases covered under the statute of frauds, and then establish an exception to avoid the statute of frauds for leases in excess of one year.

We recognize other courts have been cautious to use promissory estoppel to overcome the statute of frauds. *See* 10 Williston § 27.13, at 124–25; *see also Indus. Maxifreight Servs. v. Tenneco Auto.*

*Operating Co.*, 182 F.Supp.2d 630, 636 (W.D.Mich.2002) (promissory estoppel "applied to circumvent the statute of frauds" only to avoid fraud); *Ohio Valley Plastics, Inc. v. Nat'l City Bank*, 687 N.E.2d 260, 264 (Ind.Ct.App.1997) (promissory estoppel does not remove a case from the statute of frauds where the oral promise relied upon is the same oral promise declared unenforceable under the statute); *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 937 (Tex.1972) (promissory estoppel only used as an exception to the statute of frauds to permit recovery by a party who detrimentally relied on a promise to execute and deliver a written contract); *Greaves v. Med. Imaging Sys., Inc.*, 124 Wash.2d 389, 879 P.2d 276, 281–83 (Wash.1994); Robert A. Brazener, Annotation, *Promissory Estoppel as a Basis for Avoidance of Statute of Frauds*, 56 A.L.R.3d 1037 (1974). The argument advanced by Roth that the promissory estoppel doctrine essentially engulfs the statute of frauds is also commonly used by courts in those states that have been slow to apply promissory estoppel as an exception to the statute of frauds. *See* 10 Williston § 27.13, at 124–25 (courts who exercise caution in applying promissory estoppel fear that a broader application of the doctrine will "swallow whole the Statute of Frauds and defeat its evidentiary function"); *Ohio Valley Plastics, Inc.*, 687 N.E.2d at 264. Nevertheless, we find the

estoppel is used as a shield to estop a party from raising the statute of frauds when plaintiff establishes the defendant "made a misrepresentation of fact," as opposed to a promise of a future act, that resulted in detrimental reliance. David J. Gass, *Michigan's UCC Statute of Frauds and Promissory Estoppel*, 74 Mich. B.J. 524, 525–26 (1995). Thus, it is not an offensive theory that can be used as a basis for damages. *Id.* at 526. On the other hand, promissory estoppel is a broader doctrine that can be utilized as an alternative theory of recovery "in the absence of a contract" when

the plaintiff "detrimentally relied on a promise," as opposed to a misstatement of fact. *Id.* Nevertheless, the distinction between equitable estoppel and promissory estoppel has diminished over time, largely because the difference between a misrepresentation of fact and statement of future conduct can often be illusory in that the same facts can support both theories. Feinman, 97 Harv. L.Rev. at 680–81 n. 18. Consequently, many courts have tended to merge the doctrines into a single offensive or defensive theory. *Id.*

argument insufficient to alter what we find to be our longstanding use of promissory estoppel as an exception to the statute of frauds.

 The doctrine of promissory estoppel does not eviscerate the statute of frauds, but only applies to circumvent the statute when necessary to prevent an injustice. It requires the party asserting it as a means to avoid the statute of frauds to prove:

> (1) a clear and definite promise; (2) the promise was made with the promissor's clear understanding that the promisee was seeking assurance upon which the promisee could rely and without which he would not act; (3) the promisee acted to his or her substantial detriment in reasonable reliance on the promise; and (4) injustice can be avoided only by enforcement of the promise.

*Schoff,* 604 N.W.2d at 49. We require strict proof of all the elements. *See id.* at 48–49. This includes strict proof of a promise that justifies reliance by the promisee. *See id.* It also requires strict proof that the reliance inflicted injustice that requires enforcement of the promise.[4] Clearly, much more than mere nonperformance of a promise must be shown to obtain the benefits of promissory estoppel. *Warder & Lee Elevator, Inc.,* 274 N.W.2d at 343. Thus, the strict standards we follow in applying promissory estoppel as a means to avoid the statute of frauds ameliorate the concerns presented by Roth and prevent the statute of frauds from being used to create an unjust result. Additionally, we observe that the majority of courts take a similar approach in applying the doctrine of promissory estoppel to the statute of frauds. *See* 10 Williston § 27.15, at 138.

We also observe those jurisdictions that limit the use of promissory estoppel often point out the anomaly created by utilizing promissory estoppel to remove an oral promise from the statute of frauds when the very promise relied upon under promissory estoppel is the same promise declared unenforceable under the statute of frauds. *Consolidation Servs., Inc. v. KeyBank Nat'l Ass'n,* 185 F.3d 817, 822 (7th Cir.1999). Yet, even these jurisdictions seem to acknowledge that compelling circumstances have been encountered to justify the occasional use of promissory estoppel to avoid the statute of frauds. *Id.* Thus, it is not really the use of the doctrine of promissory estoppel that is objectionable, and properly limited, promissory estoppel does serve the needed function of preventing the same fraud sought to be avoided by the statute of frauds itself. There is simply no strong reason to restrict the doctrine itself from any particular type of a contract included in the statute of frauds, as long as the doctrine is

---

4. Restatement (Second) of Contracts section 139 (1981) enumerates the significant circumstances to consider in determining whether injustice can be avoided only by enforcing the promise. These circumstances are:

> (a) the availability and adequacy of other remedies, particularly cancellation and restitution;
> (b) the definite and substantial character of the action or forbearance in relation to the remedy sought;
> (c) the extent to which the action or forbearance corroborates evidence of the making and terms of the promise, or the making and terms are otherwise established by clear and convincing evidence
> (d) the reasonableness of the action or forbearance; and
> (e) the extent to which the action or forbearance was foreseeable by the promisor.

We adopted these circumstances in *Warder & Lee Elevator, Inc. v. Britten,* 274 N.W.2d 339, 343 (Iowa 1979) (adopting the tentative draft language of Restatement (Second) of Contracts section 217A, later renumbered as section 139).

carefully applied. 10 Williston § 27.16, at 165.

Lastly, we perceive no inconsistency between permitting the promissory estoppel exception to the statute of frauds to be used in cases involving leases in excess of one year under a statutory scheme such as ours that excludes leases less than one year from the domain of the statute of frauds. To the contrary, it would be inconsistent to include certain types of leases within the real estate category of cases covered by the statute of frauds, then refuse to apply a broad exception for real estate cases, established to prevent fraudulent use of the statute of frauds, to such leases.

We further note Roth did not raise the sufficiency of the evidence to support the elements of promissory estoppel as an issue on appeal. Accordingly, it is unnecessary for us to consider whether the district court properly applied the evidence to the elements of the doctrine. We conclude the promissory estoppel doctrine is available as an exception to the statute of frauds for leases claimed to be in excess of one year. We otherwise affirm the decision of the court of appeals and the judgment of the district court.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**