**PFS DISTRIBUTION COMPANY and Pilgrim's Pride Corporation of Delaware, Inc., Plaintiffs,**

v.

**Darrell RADUECHEL, Barry Spain and D & B Solutions, Inc., Defendants.**

**No. CIV.4:04 CV 10329.**

United States District Court,
S.D. Iowa,
Central Division.

Aug. 9, 2005.

William Lynch Schaller, John M. Murphy, Ethan A. Berghoff, Baker & McKenzie LLP, Chicago, IL, Michael W. Thrall, Nyemaster, Goode, West, Hansell & O'Brien, P.C., Des Moines, IA, for Plaintiffs: PFS Distribution Company and Pilgrim's Pride Corporation of Delaware, Inc.

Gordon Fischer, Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, IA, for Defendants: Darrell Raduechel, Barry Spain and D & B Solutions, Inc.

Mark D. Walz, Stanley J. Thompson, Davis, Brown, Koehn, Shors & Roberts, P.C., Des Moines, IA, for Defendants: MidwestOne Bank & Trust, Steven P. Hicks and John Pothoven.

Megan M. Antenucci, David L. Phipps, Whitfield & Eddy, P.L.C., Des Moines, IA, for Defendants: Richard R. Donohue.

Glenn L. Smith, Kami M. Lang, Finley, Alt, Smith, Scharnberg, May & Craig, P.C., Des Moines, IA, for Defendants: Theobald, Donohue & Thompson, P.C.

## ORDER

LONGSTAFF, Chief Judge.

On or about February 7, 2005, plaintiff PFS Distribution Company ("PFS") filed a motion to dismiss defendant Raduechel's counterclaim. Defendant Darrell Raduechel resisted the motion February 24, and plaintiff filed a reply memorandum on March 8, 2005.

In addition, on April 19, 2005, Raduechel filed a Rule 11 motion for sanctions. PFS resisted the motion on May 6, 2005. Both motions are fully submitted.

## I. BACKGROUND

The facts leading up to this action were set forth in detail in this Court's August 11, 2004 Order granting plaintiff's motion for a preliminary injunction, and need not be repeated here. Subsequent to the Court's Injunction Order, on January 17, 2005, defendant Darrell Raduechel filed a four-count counterclaim seeking funds he claimed PFS owed him as a bonus for fiscal year 2004.[1] Count I of the counter-

---

1. In a letter to Raduechel dated August 30, 2004, Jane T. Brookshire, senior vice president of human resources for PFS' parent company, Pilgrim's Pride, indicated as follows:

claim alleges PFS' failure to pay to pay his bonus violated the Iowa Wage Payment Collection Act, ("IWPCA"), Iowa Code §§ 91A.1 *et seq.* In count II of the counterclaim, Raduechel contends PFS' failure and/or refusal to pay the 2004 bonus breached unspecified oral contracts. Count III alleges PFS' refusal to pay the bonus breached a written contract signed by the parties in 2003, the Sales/Distribution Branch Incentive Plan ("the Incentive Plan"). Lastly, count IV sets forth a cause of action for promissory estoppel.

PFS now moves to dismiss all counts pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. MOTION TO DISMISS

### A. Governing Law

This Court cannot dismiss any count in Raduechel's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond doubt he can prove no set of facts that would entitle him to relief. *Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir.1995) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). " 'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims ...' " *Rosenberg,* 56 F.3d at 37 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). In determining whether to grant a motion to dismiss, a court should examine the claim in the light most favorable to the nonmoving party, and should construe all allegations contained in the claim as true. *Kohl v. Casson,* 5 F.3d 1141, 1148 (8th Cir.1993). A court should grant a motion to dismiss " 'as a practical matter

... only in the unusual case in which a [claimant] includes allegations that show on the face of the [claim] that there is some insuperable bar to relief.' " *Frey v. City of Herculaneum,* 44 F.3d 667, 671 (8th Cir.1995) (quoting *Alexander v. Peffer,* 993 F.2d 1348, 1349 (8th Cir.1993)).

### B. Count I

Count I of Raduechel's counterclaim alleges that PFS' decision not to pay Raduechel a bonus for fiscal year 2004 violated the IWPCA. *See* Counterclaim at ¶¶ 2–5. This statute was enacted "to facilitate the collection of wages owed to an employee." *Phipps v. IASD Health Services Corp.,* 558 N.W.2d 198, 201 (Iowa 1997). The Iowa Supreme Court has held, and PFS does not dispute, that a bonus falls within the statutory definition of "wages." *See, e.g., Runyon v. Kubota Tractor Corp.,* 653 N.W.2d 582, 585 (Iowa 2002) (citing *Dallenbach v. Mapco Gas Products, Inc.,* 459 N.W.2d 483, 488 (Iowa 1990)).

In moving to dismiss this count, PFS argues that under the terms of the Incentive Plan, PFS retained the right to deny Raduechel a bonus if PFS believed Raduechel's job performance was unsatisfactory, and/or that his attitude was not in the company's best interest. Paragraph (1) of the Incentive Plan's "General Provisions and Conditions" provides as follows:

A participant whose general job performance is unsatisfactory, or whose managerial attitude is not in the best interest of the Company, will normally not receive incentive payment at the rate indicated. When and if such reductions are necessary, the degree of reduction will be determined by the appropri-

PFS Distribution Company has determined that, for the reasons set forth in Judge Longstaff's Preliminary Injunction Order and for the reasons set forth in the Amended Complaint for Injunction and Other Re-

lief, you are not entitled to an incentive payment for fiscal year 2004 under the terms of the Company's Branch Incentive Plan.
Exh. A to Counterclaim, at 1.

ate officer of the Company, and under extreme conditions the payment may be reduced to zero.

Exh. B to Counterclaim at 3, ¶ 1. PFS contends that this paragraph vested PFS with complete discretion to deny Raduechel any bonus money, and that PFS' decision is non-reviewable by this Court. *See, e.g., Vigoro Indus., Inc. v. Crisp,* 82 F.3d 785, 791 (8th Cir.1996) ("When a contract term leaves a decision to the discretion of one party, that decision is virtually unreviewable.").

In *Vigoro,* which involved facts remarkably similar to the present case, the plaintiff corporation brought a multi-count action against its former general manager and others alleging the former manager wrongfully solicited the plaintiff's customers and established a competitive enterprise while under the plaintiff's employ. *Id.* at 787–88. As in the present case, the defendant filed a counterclaim against the corporation, alleging he was wrongfully denied bonus money under a written incentive plan. *Id.* at 791. This incentive plan included language allowing the corporation to deduct from the manager/defendant's annual bonus "amounts Management deems appropriate as a penalty for mismanagement of total assets of the Farmarket." *Id.* When the manager/defendant left to form his competing business, the corporation relied on this language to deny a bonus for the year in which the manager/defendant resigned. *Id.*

Following a one-week bench trial, the district court found in favor of the corporation on the claim of breach of the manager/defendant's duty to the corporation, but

also awarded the manager/defendant a lesser amount on his counterclaim for the denied bonus money. *Id.* at 787. On appeal, the Eighth Circuit affirmed the award in favor of the corporation for breach of duty, but reversed the amount entered on the manager/defendant's counterclaim. As explained by the court: "When a contract term leaves a decision to the discretion of one party, that decision is virtually unreviewable." *Id.* at 791; *see also Brozo v. Oracle Corp.,* 324 F.3d 661, 667 (8th Cir.2003) (reversing judgment for unpaid compensation due to presence of contractual clause giving employer discretionary authority to retroactively place a cap on commissions for certain sales transactions).

■ This Court sees no significant basis on which to distinguish *Vigoro* from the facts in the present case. Similar to the language in *Vigoro,* which authorized "management" to deduct amounts deemed "appropriate" for mismanagement of company funds, *see id.* at 791, the Incentive Plan authorizes an "appropriate [PFS] officer" to reduce the rate of Raduechel's bonus if his "general job performance is unsatisfactory, or [his] managerial attitude is not in the best interest of the Company." Exh. B to Counterclaim at 3, ¶ 1. The "appropriate officer" may also reduce the bonus to zero under "extreme conditions." *Id.* Clearly, the "appropriate [PFS] officer" has complete discretion in making a reduction under either of the above clauses. There is no mechanism by which Raduechel, the "participant," may challenge the officer's decision. *See id.*[2]

---

**2.** Contrary to Raduechel's argument, whether Raduechel in fact owed fiduciary duties to PFS under the Incentive Plan is of no consequence. As noted by PFS in its reply memorandum, the *Brozo* court expressly stated that the general rule cited in *Vigoro* is not limited to cases involving a breach of fiduciary duties:

Moreover, while it is clear that the facts in the present case are different from the facts in *Vigoro*—because, for example, the plaintiff in *Vigoro* had engaged in employee disloyalty—such factual differences do not diminish the applicability of *Vigoro's* rule generally precluding judicial review of a

Admittedly, both *Brozo* and *Vigoro* cited an exception to the general rule of non-reviewability in the case of fraud, bad faith or gross mistake of judgment. *See Brozo*, 324 F.3d at 667; *Vigoro*, 82 F.3d at 791. Nowhere in his counterclaim does Raduechel allege that PFS' conduct in denying him a bonus rose to this level, however. Nor does he suggest the language of the Incentive Plan is in any way ambiguous. *See City of Marshall, Minnesota v. Heartland Consumers Power Dist.*, 384 F.3d 517, 519 (8th Cir.2004) ("[J]udicial review of an unambiguous contract that leaves a decision to the discretion of one party is not warranted unless there is 'fraud, bad faith, or a grossly mistaken exercise of judgment.' ") (quoting *Brozo*, 324 F.3d at 667).[3]

Raduechel attempts to survive dismissal by arguing it is unclear whether an appropriate PFS officer in fact made the decision to deny his bonus, noting the letter informing him he had been denied a bonus was signed only by Jane T. Brookshire, senior vice president of human resources for PFS' parent company. *See* Exh. A. to Counterclaim. Raduechel also contends that he should be allowed to develop the record to establish that his conduct was not, in fact, "extreme."

As for Ms. Brookshire's alleged authority, the very fact PFS has moved to dismiss the counterclaim establishes that the "appropriate officer" made, or at least ratified, the decision to deny a bonus. With regard

discretionary business decision made pursuant to an unambiguous contractual delegation of discretionary decision-making authority.

*Brozo*, 324 F.3d at 667.

**3.** Even if Raduechel *had* included such allegations, the findings made by this Court in its August 11, 2004 Preliminary Injunction Order necessarily would dictate a directed verdict in favor of PFS on this issue. *See* August 11, 2004 Order at 21 (concluding plaintiffs were

to the latter argument, the Incentive Plan leaves to PFS' sole discretion whether certain conduct is "extreme." Exh. B. to Counterclaim at 3, ¶ 1. Under *Vigoro*, this decision is "virtually unreviewable." *Vigoro*, 82 F.3d at 791.

Lastly, Raduechel argues that, in its August 11, 2004 Preliminary Injunction Order, this Court "explicitly rejected" any subsequent finding by PFS that Raduechel was not entitled to a bonus by denying PFS' request to impose a constructive trust on compensation previously paid by PFS to Raduechel. Raduechel has misinterpreted the Court's ruling on this issue. Rather, the Court simply declined to impose a constructive trust in a preliminary ruling, absent a showing that defendants were likely to unlawfully divert funds *already received*. August 11, 2004 Order at 24. Count I of the counterclaim is appropriately dismissed for failure to state a claim upon which relief can be granted.

### C. Count II

In Count II of his counterclaim, Raduechel seeks damages for "breach of oral contract." To prove the existence of an oral contract, "the terms must be sufficiently definite for a court to determine with certainty the duty of each party and the condition relative to performance." *Seastrom v. Farm Bureau Ins. Co.*, 601 N.W.2d 339, 346 (Iowa 1999). In support of his claim, Raduechel has alleged the following:

likely to succeed on the merits of claim for common law breach of fiduciary duty and misappropriation of trade secrets); *see also Vigoro*, 82 F.3d at 791 (management's decision not to give employee bonus "in a year in which he breached his duty of loyalty by soliciting employees and customers to join him in company venture could not be labeled 'bad faith or grossly mistaken exercise of judgment' ").

6. Raduechel realleges paragraphs 1 through 5 above as though fully set forth herein.

7. The parties entered into oral contracts which provided, among other things, that Raduechel would be entitled to a yearly bonus pursuant to company policy.

8. Raduechel fully performed all his duties and obligations under this oral contract.

9. PFS breached the oral contract by refusing and failing to provide Raduechel with his yearly bonus.

10. Raduechel sustained damages as a direct and proximate result of PFS' breach of the oral contract, which damages are in excess of the jurisdictional minimum of this Court.

Counterclaim at ¶¶ 6–10.

If this Court were considering count II in a vacuum, it would be inclined to deny PFS' motion. Plaintiff has alleged that the parties agreed that Raduechel would be entitled to an annual bonus in exchange for his work for the company, and that PFS failed to fulfill its end of the bargain. Although admittedly brief, these allegations would appear to meet Rule 8's requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8.

■ Viewing count II in context with the remainder of Raduechel's counterclaim, however, it becomes obvious that count II does not refer to an oral contract or contracts calling for a bonus *in excess or independent of* the bonus described in the Incentive Plan. Rather, count II's references to "a yearly bonus pursuant to company policy," and "his yearly bonus" in paragraphs 7 and 9 make it clear Raduechel was at most entitled to one bonus, which, he admits in counts I and III is memorialized in the written Incentive

Plan. In short, Raduechel has "pled himself out of court." *See, e.g., Thompson v. Illinois Dep't of Professional Regulation,* 300 F.3d 750, (7th Cir.2002) (plaintiff found to have "pled himself out of court" on claim he was terminated for exercising First Amendment rights when he attached to his complaint his job description indicating his position was that of policymaking official). Any attempt by Raduechel to prove terms of an alleged oral contract that would tend to alter the terms of the Incentive Plan would be barred by the parole evidence rule. *See Seastrom,* 601 N.W.2d at 345 (parole, or extrinsic evidence may be used to prove existence of independent oral contract, but may not be used "for the purpose of varying, adding to, or subtracting from a written agreement") (internal citation omitted). Count II of the counterclaim is dismissed.

### D. Count III

Count III seeks to recover for PFS' alleged breach of the Incentive Plan. *See* Counterclaim at ¶¶ 11–15. For the reasons outlined in part II(B), above, this Court finds there are no set of facts that would entitle Raduechel to relief on this count. *See Rosenberg v. Crandell,* 56 F.3d at 37 (setting forth standard for reviewing motion to dismiss).

### E. Count IV

■ Count IV of Raduechel's counterclaim sets forth a cause of action for promissory estoppel, based on PFS's alleged failure and/or refusal to give Raduechel the "bonus and benefits guaranteed to him." *See* Counterclaim at ¶¶ 16–18. To establish a claim of promissory estoppel under Iowa law, a party must show:

(1) a clear and definite promise; (2) the promise was made with the promisor's clear understanding that the promisee was seeking assurance upon which the

promisee could rely and without which he would not act; (3) the promisee acted to his ·or her substantial detriment in reasonable reliance on the promise; and (4) injustice can be avoided only by enforcement of the promise. *Kolkman v. Roth,* 656 N.W.2d 148, 157 (Iowa 2003). The doctrine of promissory estoppel is invoked to "imply a contract in law where none exists in fact." *DeJong v. City of Sioux Center,* 980 F.Supp. 1010, 1014 (N.D.Iowa 1997).

■ In the present case, PFS does not dispute that a contract existed-the Incentive Plan-that required PFS to pay an annual bonus to Raduechel under specified conditions. A majority of courts, including *DeJong,* have held that "a claim for promissory estoppel cannot be used to enforce an oral promise where the parties have executed a valid, fully integrated document subsequent to the alleged oral representations." *Id.; see also Tuomala v. Regent Univ.,* 252 Va. 368, 477 S.E.2d 501, 506 ("the doctrine [of promissory estoppel] would not apply here because the parties made an enforceable contract"); *Frey v. Ramsey Cty. Community Human Serv.,* 517 N.W.2d 591, 602 (Minn.Ct.App.1994) ("In this case, there was a contract, and the doctrine of promissory estoppel is inapplicable"); *Great Lakes Aircraft Co., Inc. v. City of Claremont,* 135 N.H. 270, 608 A.2d 840, 853 (1992) ("in all instances, application of promissory estoppel is appropriate only in the absence of an express agreement").

This Court sees no reason to stray from the majority holdings. Although Rule 8(a) of the Federal Rules of Civil Procedure authorize the use of alternative pleading, such a strategy is intended to develop

unknown facts, rather than to circumvent undisputed facts.[4] Just as extrinsic evidence may not be used to prove an oral contract that alters the terms of an existing written contract, promissory estoppel may not be used to enforce a right which has been confirmed in writing.

### III. MOTION FOR SANCTIONS

On May 6, 2005, Raduechel filed a Rule 11 Motion for Sanctions against PFS, claiming PFS' motion to dismiss was "specious and completely hollow," and was clearly "'being presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.'" Defendant Darrel Raduechel's Rule 11 Motion for Sanctions at 1 (quoting Fed.R.Civ.P. 11(b)(1)). As outlined in part II of this Order, above, this Court finds the arguments raised in PFS' motion neither specious, nor hollow, but rather, fully "warranted by existing law." Fed.R.Civ.P. 11(b)(2). Raduechel's motion for sanctions is denied.

### IV. CONCLUSION

For the reasons outlined above, PFS' February 7, 2005 motion to dismiss Raduechel's counterclaim is granted. Raduechel's May 6, 2005 motion for sanctions is denied.

IT IS ORDERED.

---

4. For example, this Court would have no trouble reconciling Raduechel's alternative claims for breach of an oral contract and promissory estoppel if no written contract existed. In that case, Raduechel would simply be attempting to prove the existence of a contract or right.