# IN THE COURT OF APPEALS OF IOWA

No. 17-0791
Filed February 21, 2018

**RONALD DWIGHT KUNDE,**
 Plaintiff-Appellant,

**vs.**

**ESTATE OF BOWMAN,**
 Defendants-Appellees.
_____


 Appeal from the Iowa District Court for Jackson County, Nancy S. Tabor,

Judge.


 Appeal from the grant of the defendant's motion for summary judgment.

**REVERSED AND REMANDED.**



 D. Flint Drake and Samuel M. DeGree of Drake Law Firm, P.C., Dubuque,

for appellant.

 Bradley T. Boffeli of Boffeli & Spannagel, P.C., Maquoketa, for appellees.


 Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

Tabor, J., takes no part.

**MCDONALD, Judge.**

This case involves an option to purchase farmland allegedly orally granted by one farmer to his neighbor. At issue in this case is whether the district court erred in granting the defendant's motion for summary judgment and dismissing the plaintiff's claim for promissory estoppel, quantum meruit, and unjust enrichment.

This is the second time this matter has been before the court. In our prior opinion, we succinctly set forth the material facts:

> Farmer Ronald Kunde claimed neighbor Arthur Bowman granted him an oral option to purchase his farm for approximately $3000 an acre at an unspecified time in the future. Kunde leased the Bowman farm and made substantial improvements to the property, which he alleged were consideration for the option to purchase.

*Kunde v. Bowman*, No. 15-1483, 2016 WL 5408356, at *1 (Iowa Ct. App. Sept. 28, 2016).

Subsequent to the alleged grant of the option to purchase, Bowman sold the property to a third person. *See id.* Kunde sued Bowman, asserting claims for breach of contract and "equitable claims." *See id.* The jury found in favor of Kunde on his breach of contract claim and awarded damages, but the jury made no findings on the equitable claims pursuant to the district court's instructions. *See id.* The district court granted Bowman's motion for judgment notwithstanding the verdict and denied Kunde's motion for new trial. In our prior opinion, this court affirmed the district court, determining there was not substantial evidence to support the jury's verdict on the contract claim. Specifically, this court found there was no agreement on the essential terms of the purported option to purchase. *See id.* at *2 ("The record lacks substantial evidence to support essential terms of the contract, most notably the deadline for exercising the option to purchase the

Bowman farm."). This court remanded the matter for new trial on Kunde's remaining equitable claims. *See id.*

After remand, Bowman sought summary judgment on the equitable claims. The summary judgment record showed Kunde entered into a series of written farm lease agreements with Bowman. Several of the written farm lease agreements included addendums governing the allocation of expenses for improvements. The 2008 lease addendum is representative:

1. Any construction, removal, or maintenance of property fence lines will be rentor's expense.
2. Fence materials will be the landlord's expense (including farm fence lines).
3. Any construction, creation, or maintenance of cropland water ways or drainage areas will [be] rentor's expense.
4. Normal maintenance of the outbuilding will be at rentor's expense. This includes demolition of obsolete buildings.
5. Materials for maintenance of the outbuildings will be landlord's expense. Tenant agrees to consult and discuss all repairs with the landlord prior to ordering of materials.
6. Tenant agrees that all pasture and outside building areas will be cleaned and all trash removed from the premises.
7. Any land moving equipment utilized for excavation or repairs will be rentor's expense.

The district court granted Bowman's motion for summary judgment on all claims. With respect to the estoppel claim, the district court concluded our prior decision holding there was no agreement on material terms was the law of the case and required dismissal of the estoppel claim for similar reasons. The district court also concluded "the lease agreements do constitute an express contract between the parties on the same subject matter . . . Thus, no implied contract can be found from these facts. Without an implied contract, Kunde's reliance on promissory estoppel fails." On the quantum meruit and unjust enrichment claims, the district court found the claims must also fail without an implied contract theory.

The court also articulated that the leases set forth Kunde's rights and obligations to the farmland and that he was compensated for improvements under the lease by possession of the land and the net income produced by the crops he grew. Kunde now appeals.

This court reviews the district court's summary judgment ruling for the correction of legal error. *See Kern v. Palmer Coll. of Chiropractic*, 757 N.W.2d 651, 657 (Iowa 2008). "A party is entitled to summary judgment when the record shows no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Id.*; Iowa R. Civ. P. 1.981(3). When determining whether there is a genuine issue of material facts, we view the record in the light most favorable to the nonmoving party. *See Kern*, 757 N.W.2d at 657.

We first address Kunde's claims for quantum meruit and unjust enrichment. Kunde's theory with respect to these claims is he should be reimbursed for the improvements he made to the property. Like the district court, we conclude these claims fail as a matter of law. Bowman and Kunde had express agreements governing improvements to the leasehold and allocating the expenses for the same. Iowa adheres to "the principle that the remedy of unjust enrichment or quantum meruit is based upon the concept of implied contract, and that in this jurisdiction the law will not imply a contract where there is an express contract." *Chariton Feed & Grain, Inc. v. Harder*, 369 N.W.2d 777, 791 (Iowa 1985). "An express contract and an implied contract cannot coexist with respect to the same subject matter, and the former supersedes the latter." *See Legg v. West Bank*, 873 N.W.2d 763, 771 (Iowa 2016) (quoting *Chariton Feed & Grain,* 369 N.W.2d at

791). An express agreement regarding improvements and expenses precludes Kunde's equitable claims for recovery of the same.

We next address Kunde's claim for promissory estoppel. In this claim, Kunde contends Bowman should be estopped from denying the option to purchase the leased property and further contends he is entitled to expectation damages related to the lost opportunity to purchase the property. Unlike Kunde's other claims, the existence of the written farm lease agreements does not preclude recovery. It is established that an option to purchase need not be included in a written lease agreement. *See Levien Leasing Co. v. Dickey Co.*, 380 N.W.2d 748, 753 (Iowa Ct. App. 1985) (discussing a possible lease and separate option contract on the same property). The summary judgment record, when viewed in the light most favorable to Kunde, showed the parties intended the lease agreements and the option to purchase to be separate and distinct. There is thus a genuine issue of material fact to be resolved by the finder of fact. The district court erred in concluding otherwise.

The district court also erred in holding our prior decision precluded Kunde's promissory estoppel claim as a matter of law. To fully address this issue, we must first address the development of the doctrine.

The Iowa Supreme Court recognized and set forth the elements of a promissory-estoppel claim in the seminal decision *Miller v. Lawlor*, 66 N.W.2d 267, 272 (Iowa 1954). The elements were: (1) "A clear and definite oral agreement;" (2) "That plaintiff acted to his detriment *solely* in reliance on said agreement;" and (3) "That a weighing of all the equities entitles plaintiff to the equitable relief of estoppel." *Id.* at 273. The given rationale for recognizing the claim was

"'[p]romissory estoppel' is . . . a recognized species of consideration." *Id.* at 272. In other words, promissory estoppel was a consideration substitute. *Miller* remained controlling law until 1999.

In 1999, in *Schoff v. Combined Insurance Company of America*, 604 N.W.2d 43, 48 (Iowa 1999), the supreme court moved away from the theory that promissory estoppel was merely a consideration substitute, recognizing the consideration-substitute theory had been subject to doctrinal criticism. *See, e.g.,* Eric Mills Holmes, *Restatement of Promissory Estoppel*, 32 Willamette L. Rev. 263, 380 (1996) ("Particularly troublesome is the requirement of a 'clear and definite agreement,' which appears to be a reversion to the antediluvian notion that promissory estoppel is only a substitute for consideration and requires a complete, integrated agreement rather than reliance on a promise."). In expanding the doctrinal foundations of promissory estoppel, the *Schoff* court identified the following elements of the claim: "(1) a clear and definite promise; (2) the promise was made with the promisor's clear understanding that the promisee was seeking an assurance upon which the promisee could rely and without which he would not act; (3) the promisee acted to his substantial detriment in reasonable reliance on the promise; and (4) the injustice can be avoided only be enforcement of the promise." *Id.* at 49. The court stated a promise is "[a] declaration . . . to do or forbear a certain specific act." *Id.* at 50–51. "A promise is 'clear' when it is easily understood and is not ambiguous." *Id.* at 51. A promise is "definite" when the assertion is explicit and without any doubt or tentativeness. *Id.*

The supreme court reaffirmed *Schoff* several years later in *Kolkman v. Roth*, 656 N.W.2d 148, 153 (Iowa 2003). In that case, the court traced the development

of promissory estoppel and found "promissory estoppel is not only a substitute for consideration, but is also recognized as an exception to the statute of frauds even in cases where the promise may be supported by consideration." *Kolkman*, 656 N.W.2d at 153. The doctrine "focuses on reliance." *Id.* When affirming the *Schoff* test, the court noted "[t]he doctrine of promissory estoppel does not eviscerate the statute of frauds, but only applies to circumvent the statute when necessary to prevent an injustice." *Id.* at 156. "We require strict proof of all the elements. This includes strict proof of a promise that justifies reliance by the promisee." *Id.*

Since *Kolkman*, our courts have been inconsistent in analyzing claims of promissory estoppel. Some of our cases have used the three-element test set forth in *Miller* but rejected in *Schoff*. *See, e.g., McKee v. Isle of Capri Casinos, Inc.*, 864 N.W.2d 518, 532 (Iowa 2015); *Bundy v. Memberselect Ins. Co.*, No. 16-1189, 2017 WL 104964, at *3 (Iowa Ct. App. Jan. 11, 2017); *In re Marriage of Renes*, No. 12-1136, 2013 WL 1453061, at *1 (Iowa Ct. App. Apr. 10, 2013); *In re Marriage of Smith*, No. 08-0819, 2009 WL 928790, at *3 (Iowa Ct. App. Apr. 8, 2009); *In re Marriage of Streif*, No. 07-0540, 2007 WL 2965153, at *3 (Iowa Ct. App. Oct. 12, 2007); *In re Marriage of Ruby*, No. 06-0670, 2007 WL 108892, at *2 (Iowa Ct. App. Jan. 18, 2007); *Wasker v. McDonald*, No. 04-1521, 2006 WL 126773, at *6 (Iowa Ct. App. Jan. 19, 2006); *In re Marriage of Arns*, No. 03-0724, 2004 WL 573801, at *3 (Iowa Ct. App. Mar. 24, 2004); *Campbell v. Waverly Tire Co.*, No. 02-1948, 2003 WL 23008846, at *4 (Iowa Ct. App. Dec. 24, 2003); *In re Marriage of Barry*, No. 02-0240, 2003 WL 1968635, at *3 (Iowa Ct. App. Apr. 30, 2003). Some of our cases have used the four-element test set forth in *Schoff* and *Kolkman*. *See, e.g., In re Estate of Beitz*, No. 14-1492, 2015 WL 3624475, at *1–

2 (Iowa Ct. App. Jun. 10, 2015); *Stenoien v. Stenoien*, No. 13-1044, 2014 WL 3749374, at *9 (Iowa Ct. App. July 30, 2014); *Jongma v. Grand Pork, Inc.*, No. 08-1640, 2009 WL 3381518, at *5 (Iowa Ct. App. Oct. 21, 2009); *Moonsammy v. Mercy Hosp.*, No. 08-1638, 2009 WL 2525500, at *5 (Iowa Ct. App. Aug. 19, 2009); *Chamberlain L.L.C. v. City of Ames*, No. 06-1487, 2007 WL 4322186, at *6 (Iowa Ct. App. Dec. 12, 2007); *Akers v. Oak Hill Plantation, L.C.*, No. 07-0318, 2007 WL 4191959, at *2 (Iowa Ct. App. Nov. 29, 2007); *Callahan Const., Inc. v. Weidemann*, No. 05-1207, 2006 WL 1750375, at *4–5 (Iowa Ct. App. Jun. 28, 2006). While other cases cite the four-part test but use the clear-and-definite-agreement standard from *Miller* rather than the clear-and-definite-promise standard from *Schoff* and *Kolkman*. *See, e.g., Mujkic v. Lynx, Inc.*, No. 14-0636, 2015 WL 1055307, at *6 (Iowa Ct. App. Mar. 11, 2015); *Deck v. Betka*, No. 12-0822, 2013 WL 99123, at *1 (Iowa Ct. App. Jan. 9, 2013); *Byl v. Van Beek*, No. 11-0802, 2012 WL 299529, at *2 (Iowa Ct. App. Feb. 1, 2012).

After reviewing the precedents, this court is convinced the four-part test set forth in *Schoff* and *Kolkman* is the controlling authority notwithstanding the supreme court's recent use of the three-part test in *McKee*. *McKee* cited *Schoff* for this proposition, but *McKee* cited the portion of *Schoff* discussing the prior standard, *See McKee*, 864 N.W.2d at 532, which the *Schoff* court then rejected later in the opinion. *McKee's* recitation of the three-element test seems inadvertent in contrast to the deliberate expansion of the doctrine in *Schoff* and *Kolkman*. Under *Schoff* and *Kolkman*, Iowa courts no longer treat promissory estoppel as a mere consideration substitute. Instead, the claim allows for a remedy upon strict proof of each of the four elements, including a clear and definite promise even

where the promise does not rise to a clear and definite agreement that would otherwise establish a contract but for the lack of consideration. *See Kolkman*, 656 N.W.2d at 153.

With that background, we turn to the case at hand. The district court concluded our prior opinion was preclusive because it held there was not a clear and definite agreement on material terms to a contract. As noted above, however, it is immaterial whether the parties had a clear and definite agreement. What is material is whether one party made "a clear and definite promise." *See id.* at 156 (finding promissory estoppel requires "strict proof of a promise that justifies reliance by the promisee."); *Dixon v. Wells Fargo Bank, N.A.*, 798 F.Supp.2d 336, 343 (D. Mass. 2011) ("[Promissory estoppel] now 'provides a remedy for many promises or agreements that fail the test of enforceability under many traditional contract doctrines' but whose enforcement is 'necessary to avoid injustice.'" (internal citations omitted)); *Kiely v. St. Germain*, 670 P.2d 764, 767 (Colo. 1983) ("[P]romissory estoppel is not defined totally in terms of contract principles. . . . It is often appropriate when parties have not mutually agreed on all the essential terms of a proposed transaction."); *Rosnick v. Dinsmore*, 457 N.W.2d 793, 749 (Neb. 1990) ("[T]here is no requirement of 'definiteness' in an action based upon promissory estoppel. . . . Promissory estoppel only requires that reliance be reasonable and foreseeable."); *Hoffman v. Red Owl Stores, Inc.*, 133 N.W.2d 267, 275 (Wis. 1965) ("We deem it would be a mistake to regard an action grounded on promissory estoppel as the equivalent of a breach of contract action.").

Here, when the correct elements are analyzed, there is a disputed issue of material fact. Kunde contends Bowman made an explicit promise to sell the

property for $3000 per acre.  He also contends this can be inferred from Bowman's statements.  The promise was not conditioned upon any event.  The summary judgment record shows Kunde may have undertaken improvements to the property in reliance on that promise.  While there may ultimately be insufficient evidence in support of the claim, when the summary judgment record is viewed in the light most favorable to Kunde, there is at least a disputed issue of material fact to be resolved at trial.

For these reasons, we conclude the trial court erred in granting the summary judgment motion as to the promissory estoppel claim.

**REVERSED AND REMANDED.**

Potterfield, J., concurs;  Vaitheswaran, P.J., dissents.

**VAITHESWARAN, Presiding Judge** (dissenting)

I respectfully dissent. The district court cited and applied the Iowa Supreme Court's most recent pronouncement on the elements of promissory estoppel, *McKee v. Isle of Capri Casinos, Inc.*, 864 N.W.2d 518, 532 (Iowa 2015). *McKee* sets forth the elements of the theory as "(1) a clear and definite oral agreement; (2) proof that plaintiff acted to his detriment in reliance thereon; and (3) a finding that the equities entitle the plaintiff to this relief." *Id.* (quoting *Schoff v. Combine Ins. Co. of Am.*, 604 N.W.2d 43, 48 (Iowa 1999)); *see also Budny v. MemberSelect Ins. Co.*, No. 16-1189, 2017 WL 104964, at *3 (Iowa Ct. App. Jan. 11, 2017). Under this recitation of the elements, I would conclude the district court correctly granted Bowman summary judgment on the promissory estoppel claim.